J. B. SCOTT, RESPONDENT, *v.* JAMES W. HAINES *et als.*, APPELLANTS.

NEW TRIAL NOT AUTHORIZED EXCEPT FOR ERROR. A verdict or other decision cannot be set aside where no irregularity or error whatever is shown, and the verdict or decision is in accordance with and justified by the evidence.

POWER OF COURT OVER ITS JUDGMENT. When a judgment has once been rendered, the court has no right to set it aside, except in case of error in some respect or injustice in the result.

NO NEW TRIAL WHERE NO CAUSE OF ACTION. Where an action was brought by an assignee to recover certain claims for work, labor, and services, and there was a judgment for defendant; and in his statement on motion for new trial the plaintiff showed that he had failed to prove that his assignors had ever performed work, labor, or services, or that any sum was due to them or him: *Held*, that the allownace of a new trial upon any ground was entirely unauthorized, beyond the power of the court, and erroneous.

WRONG REASON DOES NOT VITIATE CORRECT JUDGMENT. A wrong reason for a judgment, which is in itself correct, will not vitiate or affect it.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action brought against James W. Haines, John B. Winters, Frederick Shetter, Thomas Wells, and George F. Jones, who were doing business under the name of "The Carson Flume Company," to recover twelve hundred and forty-one dollars and forty-three cents for work, labor, and services performed by various persons, assignors of the plaintiff. The defendants Haines, Winters, and Jones filed a joint answer taking issue on the allegations of the complaint; Wells merely set up that he was not liable on

account of his having already paid more than his proportion of the company debts; and there was no appearance on the part of Shetter.

The cause was tried before, and the judgment rendered by, the Hon. C. N. Harris, Judge of the Third Judicial District, who for the time being occupied the bench. The new trial was ordered by the Judge of the Second Judicial District.

*Williams and Bixler*, for Appellants.

*Robert M. Clarke*, for Respondent.

By the Court, LEWIS, C. J.

Section 193 of the Practice Act provides that " The former verdict or other decision may be vacated and a new trial or re-hearing granted, on the application of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party : First—Irregularity in the proceedings of the Court, jury, or adverse party, or any order of the Court, or abuse of dis-cretion, by which either party was prevented from having a fair trial. Second—Misconduct of the jury. Third—Accident or surprise which ordinary prudence could not have guarded against. Fourth—Newly discovered evidence material for the party making the application, and which he could not, with reasonable diligence, have discovered and produced at the trial. Fifth—Excessive dam-ages, appearing to have been given under the influence of passion or prejudice. Sixth—Insufficiency of the evidence to justify the verdict or other decision, or that it is against law. Seventh— Error in law occurring at the trial, and excepted to by the party making the application."

Without saying that this section embraces all cases in which a District Court may grant a new trial, it may be safely said that a verdict or other decision " cannot be set aside where no irregularity or error whatever is shown, and the verdict or decision is in ac-cordance with and justified by the evidence. The Court in such case has no more right to set aside a verdict or decision than it has to render a judgment without pursuing the forms prescribed by

law. Error in some respect, or injustice in the result, alone authorizes an interference with a judgment or decree once rendered.

In this case the judgment which was in favor of the defendants, was set aside by the Court below, although the statement made out by the plaintiff, on his motion for new trial, shows clearly that he failed to make out a case against the defendants, that the evidence entitled them to judgment, and it was not claimed that any error or irregularity occurred at the trial.

The action was brought to recover the sum of twelve hundred and forty-one dollars, alleged to be due for services and labor per-formed for defendants, by several persons who assigned their demands to the plaintiff. But if the statement of the case, as made out by the plaintiff, be accepted as full and correct, (and it must be for the purposes of this appeal) he failed entirely to prove that any service or labor was performed by his assignors, or that any sum of money whatever was due to them or himself. Upon such a failure to make out a case, the defendants were certainly entitled to the judgment rendered in their favor. And as no error is claimed to have occurred at the trial prejudicial to the plaintiff, the Court below had no authority to disturb it.

The judgment, it is true, does not appear to have been based upon this ground. That, however, is of no consequence, as the decision itself was right and warranted by the evidence, for a wrong reason will not vitiate or affect a correct judgment or result.

The order of the Court setting aside the judgment and ordering a new trial was erroneous, and must be reversed as to the appellants. As to Wells and Shetter, who neither took issue upon the material allegations of the complaint, nor appealed to this Court, it must remain undisturbed.