[No. 1629.]

### GEORGE F. DANGBERG, Appellant, v. LOUIS RUHEN-STROTH, Respondent.

DISTRICT COURT—JURISDICTION—TRESPASS—TITLE—EQUITY. 1. Comp. Law, sec. 3604, provides that, in cases when the damages claimed for an injury to real property do not exceed $300, the justices' courts shall have jurisdiction. Sections 780, 781, provide for damages against any one grazing live stock on land to which another has title, or on which first payment has been made by another. A complaint filed in the district court alleged trespasses by defendant's sheep on plaintiff's land, to his damage in the sum of $100. Defendant demurred for lack of jurisdiction because of the amount involved: *Held*, that, no issue being made save that of law raised by the demurrer, the court could not have known whether title to real estate be involved, and properly sustained the demurrer.

2. The statute merely contemplates an action at law for damages, and an action brought thereunder is in no sense an equity proceeding, so as to give the district court jurisdiction.

APPEAL from First Judicial District Court, Douglas County; *C. E. Mack*, Judge.

Action by George F. Dangberg against Louis Ruhenstroth. From a judgment sustaining defendant's demurrer, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Appellant:

I.   No cause of action would be stated without stating that plaintiff is and was the owner, and had the legal title, or had applied to purchase the same and had made first payment thereon.   If the answer should admit plaintiff was the owner, this would save plaintiff from introducing testimony thereon, but it would nevertheless be a fact in evidence, and without such fact in evidence, the judgment would be worthless.   Consent of parties cannot give jurisdiction.   (1 Nev. 82.)

II   "The parties shall not be at liberty to give evidence upon any question which involves the title to, or the right of possession of, real property," etc., "and if it appears from plaintiff's own showing at the trial or from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve either of such questions, the justice shall suspend, etc."   (Sec. 3634, Comp. Laws, 1900.) Plaintiff cannot make any sort of showing, without first showing title.   It is the basis of his primary right, for an invasion of which the statute provides a remedy.   The justice is forbidden to hear any testimony whatsoever on the point.

III.   Section 3604 provides that if questions to real property be involved, the case shall be certified as hereinafter provided, etc.

IV.   The statute not only forbids justices of the peace to try the title to real estate, but forbids them from hearing questions where the title is involved.   See Sections 3604 and 3634, and Sections 117 and 119 of the constitution.

V.   In the case at bar title is involved in the fact that without involving it no case can be stated.   "The jurisdiction of justices of the peace will not be extended by inference or implication, as the statutes conferring jurisdiction are strictly construed."   (18 Am. & Eng. Enc. Law, 2d ed. p. 17.)

VI.   The term contract has been construed to include only those contracts or agreements which arise out of the course of dealing between the parties, and not such contracts as arise remotely out of the compact of government." (Id. p. 19.)

VII.   "Where the jurisdiction of justices is confined to actions *ex contractu*, they have no jurisdiction of actions for damages or action on the case.   (Id., p. 20.)

VIII.   The case at bar is strictly an action on the case, based upon the tort of the defendant.   There was no contract between the parties.   It is plain that the cause of action arises out of the compact of government whereby people have banded themselves together for mutual protection, and agreed to abide by its rules, and that the action is based on the tort, wrong, or delict of the defendant.

IX.   "Actions for injuries to real property, and actions for trespass are rarely within the jurisdiction of the justices of the peace."   (Id., p. 24.)   "An action for injuries to a child must be in form *ex delicto*, and as neither *assumpsit* nor debt will lie, a justice of the peace has no jurisdiction." (Id., p. 25, note 1.)

X.   In Nevada justices of the peace have no jurisdiction of the action of forcible entry and detainer, because evidence of title is involved.   The same reasons certainly apply to the action of trespass under the statute governing the case at bar.   (*Peacock* v. *Leonard*, 8 Nev. 84.)

XI.   "The question of title is raised in action of trespass before the justice if the plaintiff offers deeds in evidence of his right of possession or claims such right under a third person, whose ownership he proposed to show." (*Gay* v. *Hultz*, 55 Mich. 327.)

XII.   "In an action for trespass the plaintiff's right to compensation depends wholly upon his right to the property." (*State of Nevada, ex rel. Anna Murphy and Martin Lutz*, v. *Richard Rising*, 10 Nev. 97.)

XIII.   In the case at bar the title is put in issue by the pleadings, under a statute requiring it.

XIV.   *Schroeder* v. *Wittram*, 66 Cal. 640, holds that if plaintiff has to prove or disprove the title to land the justice has no jurisdiction, and calls attention to that section of the California statute which forbids justices of the peace to listen to any testimony on the question of title.

XV.   The statute is intended to cover equitable actions. "A statute which authorizes the owner of land to take up and keep cattle or sheep found on the same, and to bring suit before a justice of the peace against all the animals, *in rem*, for the recovery of the damages, when they are less than $300, and which directs, upon the recovery of judgment, a

levy upon and sale of the property on execution, and, if there is an overplus of the proceeds, a distribution of the same by the justice among the several owners of the animals, provides a proceeding in equity to enforce a lien, and, in so far as it confers jurisdiction on the justice, is unconstitutional." (*Young* v. *Wright*, 52 Cal. 407.)

XVI. Section 781, Compiled Laws of 1900: "The live stock which is herded or grazed upon the lands of another, contrary to the provisions of the first section of this act, shall be liable for all damages done by said live stock while being unlawfully herded or grazed on the lands of another, as aforesaid, together with costs of suit and reasonable counsel fees, to be fixed by the court trying an action therefor, and said live stock may be seized and held by writ of attachment issued in the same manner provided by the general laws of the State of Nevada, as security for the payment of any judgment which may be recovered by the owner or owners of said lands for damages incurred by reason of a violation of any of the provisions of this act, and upon the claim and lien of a judgment or attachment in such an action shall be superior to any claim or demand which arose subsequent to the commencement of said action." It would seem to be sufficient to set the decision in *Young* v. *Wright* and Section 781 side by side, to show that Section 781, if it attempted to confer jurisdiction on a justice of the peace in such case, would be unconstitutional.

*William Woodburn*, for Respondent:

I. The justices' courts have exclusive jurisdiction of actions of this character, except those in which the title to real estate or mining claims or questions to boundaries of land are involved. (Sec. 3604, Comp. Laws, p. 750.)

II. Justices' courts have jurisdiction until it appears from the plaintiff's own showing at the trial of the case or from the verified answer of the defendant that the determination of the action will necessarily involve the title to or the right of possession, or possession of the real estate described in the complaint of appellant. (Sec. 3634, Comp. Laws.)

III. In an action of trespass upon real property plaintiff

may recover upon alleging, in addition to the injury complained of, his possession of the premises, and his right to the possession is not involved unless the defendant tenders an issue upon that fact. (*Pollock* v. *Cummins*, 38 Cal. 685.)

IV.   In the case of *Cornett, et al.*, v. *C. Bishop*, 39 Cal. 319, it was decided that a justice of the peace has jurisdiction of an action for trespass on real estate where the right of possession of the premises is not put in issue by the pleadings or controverted on the trial. (*Schroeder* v. *Wittraim*, 66 Cal. 640; *Lorenz* v. *Jacobs*, 53 Cal. 24.)

V.   To occasion a loss of jurisdiction in justices' courts, the title or right of possession must be directly involved. The plaintiff may recover upon proof of possession merely, but the jurisdiction of the justice may be ousted by the defendant's plea of freehold. The ownership or right to the possession of the premises described in the complaint is not necessarily involved. (*State* v. *Rising*, 10 Nev. 104; 39 Cal. 319.)

By the Court, BELKNAP, C. J.:

The complaint filed in the district court alleged ownership in plaintiff to certain described lands in the county, and trespasses thereon by defendant's sheep, to plaintiff's damage in the sum of $100, etc.

The district court sustained a demurrer upon the ground that it had no jurisdiction of the subject-matter, for the reason that the amount claimed is less than $300.

The ruling is supported by the provisions of Section 509 of the civil practice act (Section 3604, Comp. Laws), which, among other things, provides that justices' courts shall have jurisdiction of an action for damages for injury to real or personal property if the damages claimed do not exceed the sum of $300.

Appellant contends that, in order to establish his cause of action, it was incumbent upon him to allege and prove title, or that, under the provisions of Sections 780, 781, Comp. Laws, he had made first payment on the land, and that for either of these reasons the title to the real estate was involved.

It is a sufficient answer to this position to say that no issue

had been made except the issue of law raised by the demurrer, and that the court could not have known whether title to real estate would be involved.

It is also claimed that the proceeding is one in equity, and therefore not within the jurisdiction of the justice of the peace; and *Young* v. *Wright*, 52 Cal. 407, is cited in support of this view.  That was a case in which the owner of land, acting under the provisions of the trespass law of California (Stats. Cal. 1873-4, p. 50), took up trespassing sheep, and thereafter commenced an action *in rem* against the animals in the court of a justice of the peace, recovered judgment, and set up the proceedings in attempted justification of the seizure and detention to an action by the owner of the sheep for their recovery.

It was held that the jurisdiction attempted to be conferred upon justices' courts by the statute was essentially a proceeding in equity to enforce a lien, of which subject district courts, under the constitution of California, had exclusive jurisdiction, and that the statute was unconstitutional.

There is a broad distinction between the two statutes. Ours does not sanction the restraining of animals by the owner of land, and provide for a lien in his favor for their care before suit.  It contemplates only an action at law for damages for the trespass, with counsel fees and costs of suit.

Judgment and order affirmed.