[No. 2113]

## PETER STAMPE JENSEN, JENS SONDERGAARD JENSEN, AND HENRY ANDERSON, RESPONDENTS, *v.* MARTIN PRADERE, APPELLANT.

[159 Pac. 54]

1. ANIMALS—TRESPASS—MEASURE OF DAMAGES.
   In a trespass action for grazing sheep upon plaintiffs' land, the damages may be calculated upon the reasonable value of pasturage, where the land was used only for such purposes.

2. APPEAL AND ERROR—REVIEW—FINDINGS—CONCLUSIVENESS.
   A judgment will not be reversed where there is substantial evidence to support it. ·

3. ANIMALS—TRESPASS—ACTIONS—ATTORNEY'S FEE—STATUTE.
   Under Rev. Laws, 2336, providing that live stock grazing on another's land shall be liable for damages, costs, and an attorney's fee, *held* that a personal judgment for the attorney's fee cannot be rendered against the owner of the stock.

APPEAL from Second Judicial District Court, Washoe County; *L. N. French,* Judge.

Action by Peter Stampe Jensen and others against Martin Pradere. Judgment for plaintiffs, and defendant appeals. **Affirmed as modified,** McCARRAN, J., dissenting.

*James T. Boyd,* for Appellant:

The judgment cannot be sustained, and should be reversed.

The court had no authority to render a judgment *in personam* against appellant for an attorney's fee. The judgment for damage is based upon a contract and not for a tort; consequently it is outside the issue and not supported by the pleadings. The damages, even if they could be supported by the pleadings, are excessive.

"A judgment must be supported by the pleadings. A complaint for a tort will not support a judgment for contract." (Black on Judgments, sec. 183; 23 Cyc. 817, 818; *Lehman* v. *Schmidt,* 87 Cal. 18; 11 Ency. Pl. & Pr. 894; *Carson River L. Co.* v. *Bassett,* 2 Nev. 249.)

Under the pleadings the measure of damage was the value of the grass at the time of the alleged destruction. (*Thompson* v. *Chicago, B. & Q. R. Co.,* 23 L. R. A.

n. s. 310; *Risse* v. *Collins,* 87 Pac. 1006; *Pyramid L. & S. Co.* v. *Pierce,* 30 Nev. 237.)

The lower court had no jurisdiction or authority to award plaintiff an attorney's fee. The only authority that can be found for awarding an attorney's fee in an action for damages for a trespass is found in the act of 1893 (Rev. Laws, 2335, 2336), and that contemplates an action against the offending live stock, not a judgment against the owner.

*Summerfield & Richards,* for Respondents:

The judgment and order appealed from should be affirmed.

The general scope of the action is apparent by a bare perusal, namely, that it is unlawful to herd or graze live stock upon the lands of another, and that the offending party shall be liable for damages, including costs and attorney's fees, in a personal action, as has been laid down by this court. (*Dangberg* v. *Ruhenstroth,* 26 Nev. 453.)

It has become the rule of decision that verdicts of juries and judgments of courts will not be lightly cast aside because, perchance, they may be wrong; but every intendment will be indulged to support them, even in the face of a conflict of the evidence when the jury and the court have acted upon it. This rule springs from necessity. Without it social order would be but a name, and would be supplanted by chaos and confusion. (*Champion* v. *Sessions,* 2 Nev. 271; *Nosler* v. *Haynes,* 2 Nev. 53; *Lady Bryan Co.* v. *L. B. M. Co.,* 4 Nev. 414; *Mitchell* v. *Braumberger,* 2 Nev. 345; *Schwartz* v. *Stock,* 26 Nev. 143; *Simpson* v. *Williams,* 18 Nev. 435; *Torp* v. *Clemons,* 142 Pac. 1116.)

Appellant does not attempt to point out wherein the damages are excessive; and, in any event, he cannot be heard to complain of the findings, having made no exception thereto in the lower court. The doctrine of implied findings obtains in this state; and in the absence of objection as prescribed by law, even in the face of

defective findings, or of no findings at all, the judgment will be upheld. (Rev. Laws, 5345.)

It was neither alleged, found, nor adjudged that the parties, expressly or impliedly, agreed to anything, or expressly or impliedly undertook to perform an oral or written agreement. The tort was alleged and found, and judgment made and given thereon. (*Carson River L. Co.* v. *Bassett,* 2 Nev. 253; *Knickerbocker* v. *Hall,* 3 Nev. 197; *Dickson* v. *Ahern,* 19 Nev. 426; Assumpsit, 4 Cyc. 319, *et seq.;* Contracts, 9 Cyc. 242, *et seq.*)

If there is no authority in law for a judgment *in personam* for attorney's fees, the same objection could be made as to costs and general damages. If the contention of appellant is correct, the proceedings should have been *in rem,* not only for attorney's fees and costs, but for the damages as well. The question has already been passed upon by this court. (*Dangberg* v. *Ruhenstroth, supra; Chandler* v. *Hanna,* 73 Ala. 390; *Dickinson* v. *Van Womer,* 39 Mich. 141; Rev. Laws, 5147, *et seq.;* 1 Cyc. 730, *et seq.*)

By the Court, COLEMAN, J.:

This is an action to recover damages in the sum of $5,000 for trespass upon certain lands by the sheep of appellant, and for costs and attorney's fees. Judgment was rendered in favor of the plaintiffs in the sum of $540, together with costs of suit, and $350 as a reasonable attorney's fee.

While appellant assigned several errors as grounds for reversal, only three of them were argued; hence we will treat those not argued as waived.

1. The first assignment which we will consider is the one to the effect that the action was brought for a tort, but that the judgment rendered was based upon an implied contract. The theory upon which this assignment is urged is that the court, ·in determining the amount of damage sustained by plaintiffs, fixed it at a sum equal to what it was reasonably worth to pasture the sheep. No case has been called to our attention

where the method of arriving at the amount of damage sustained under similar circumstances was discussed, and the only ones that we have found are those of *Tex. & Pac. Ry. Co.* v. *Ervay,* 3 Willson, Civ. Cas. Ct. App. sec. 48, p. 73, and *Tex. & Pac. Ry. Co.* v. *Land,* 3 Willson, Civ. Cas. Ct. App. sec. 51, p. 75. In those cases it was held that, the land having been used for pasturage only, evidence of its reasonable value for such purpose would be proper. Since the land which was trespassed upon by defendant's sheep was used for pasturage only, we are of the opinion that the finding of the court sustained the pleadings and the judgment. While this question was not before the court in the case of *Pyramid L. & S. Co.* v. *Pierce,* 30 Nev. 237, 95 Pac. 210, the method of establishing the amount of damage was the same as in the case at bar.

2. It is also urged that the evidence does not support the judgment. This court has time and again held, as have the courts generally, that a judgment will not be reversed on that ground where there is substantial evidence to support it. From a consideration of the entire evidence, we are unable to say that there is not substantial evidence to support the judgment. In view of the character of the evidence in this case, it is impossible to quote from it with any degree of satisfaction, and to quote it at length is out of the question.

3. It is also asserted that that portion of the judgment awarding plaintiffs $350 as an attorney's fee is erroneous. The court allowed an attorney's fee pursuant to section 2336 of the Revised Laws of Nevada, which reads:

"The live stock which is herded or grazed upon the lands of another, contrary to the provisions of the first section of this act, shall be liable for all damages done by said live stock while being unlawfully herded or grazed on the lands of another, as aforesaid, together with costs of suit and reasonable counsel fees, to be fixed by the court trying an action therefor, and said live stock may be seized and held by writ of attachment

issued in the same manner provided by the general laws of the State of Nevada, as security for the payment of any judgment which may be recovered by the owner or owners of said lands for damages incurred by reason of a violation of any of the provisions of this act, and the claim and lien of a judgment or attachment in such an action shall be superior to any claim or demand which arose subsequent to the commencement of said action."

It is the contention of appellant that the legislature intended that an attorney's fee might be awarded and collected only in a case where the live stock is "seized and held by a writ of attachment," and that no personal judgment for attorney's fees should be rendered in any suit brought under this act. Counsel for respondents maintain that the case of *Dangberg* v. *Ruhenstroth,* 26 Nev. 457–460, 70 Pac. 320, 321, is decisive of the question, quoting:

"There is a broad distinction between the two statutes. Ours does not sanction the restraining of animals by the owner of land, and provide for a lien in his favor for their care before suit. It contemplates only an action at law for damages for the trespass, with counsel fees and costs of suit."

The exact question under consideration in the case at bar was not before the court in that case; the court simply meant to distinguish between the California statute, which provided that the land owner might take possession of the trespassing live stock and commence an action *in rem,* whereas our statute provides that a party may commence an action at law, sue out and levy an attachment, and, if successful, recover judgment for damages, costs, and attorney's fees, which might be satisfied by recourse to the live stock attached. In this connection the language of Lord Halsbury, in *Quinn* v. *Leathern* (1 Br. Rul. Cas. 209), is most appropriate. He says:

"Every judgment must be read as applicable to the particular facts proved, or assumed to be proved, since

the generality of the expressions which may be found there are not intended to be expositions of the whole law, but governed and qualified by the particular facts of the case in which such expressions are to be found. A case is only an authority of what it actually decides. I entirely deny that it can be quoted for a proposition that may seem to follow logically from it."

The same idea is expressed by Lord Manners, in *Revell* v. *Hussey* (2 Ball & B. 286), from which we quote:

"It is always unsatisfactory to abstract altogether the reasoning of the court in any reported case from the facts to which this reasoning is meant to apply. It has a tendency only to misrepresent one judge and to mislead another."

See, also, *Cohen* v. *Virginia*, 6 Wheat. 264, 5 L. Ed. 257; *Ex Parte Young Ah Gow*, 73 Cal. 438, 15 Pac. 81; *Leisy* v. *Hardin*, 135 U. S. 135, 10 Sup. Ct. 681, 34 L. Ed. 128; *Mayer* v. *Erhardt*, 88 Ill. 457; *In Re Johnson*, 98 Cal. 541, 542, 33 Pac. 460, 21 L. R. A. 380.

Costs and attorney's fees were not allowed at common law, and can be awarded only when the person claiming them brings himself within the express terms of the statute. The statute quoted does not provide for a personal judgment against a defendant for attorney's fees, but simply makes the live stock liable for such fees, under certain conditions. There was no seizure and attachment of the live stock in this case; consequently there could be no personal judgment for attorney's fees against the defendant.

It may be possible that the legislature had in mind that a personal judgment should be rendered in suits brought under the act in question when the plaintiff prevails, but there is nothing in the language used to convey this idea; and, while the court may, and should, construe statutes so as to give effect to the intention of the legislature, yet if the words of the statute convey a definite meaning, there is no room for construction. (*Goldfield Con. M. Co.* v. *State*, 35 Nev. 183, 127 Pac. 77.)

"It is the duty of the courts (in construing a statute) to confine themselves to the words of the legislature, nothing adding thereto, nothing diminishing." (*Eddy* v. *Morgan,* 216 Ill. 437, 75 N. E. 174; 36 Cyc. 1106.)

"In construing a constitution the thing to be sought is the thought expressed." (*Lewis* v. *Doron,* 5 Nev. 399.)

The judgment appealed from is modified by striking out so much thereof as awards plaintiffs an attorney's fee in the sum of $350, and, as so modified, it is affirmed.

NORCROSS, C. J.: I concur.

McCARRAN, J.: I dissent.