No. 2583

# SORGE *v.* SIERRA AUTO SUPPLY COMPANY

October 4, 1923.                    218 Pac. 735.

1. CORPORATIONS—MORTGAGE AUTHORIZED AT MEETING OF ALL DIRECTORS HELD BINDING THOUGH NO NOTICE OF MEETING GIVEN.

Where execution of corporate note and mortgage was authorized by resolution adopted at meeting of board of directors at which all directors were present, though not held pursuant to notice, and note and mortgage actually executed were examined by the directors at such meeting, they were valid and binding, and provision therein for reasonable attorney's fee was authorized.

2. CORPORATIONS—THAT MINUTES OF MEETING AT WHICH MORTGAGE AUTHORIZED NOT WRITTEN UP AND ATTESTED DOES NOT DEFEAT MORTGAGE.

That minutes of meeting of board of directors, at which corporate mortgage was authorized, were not written up and attested by the officers, cannot be invoked to defeat the mortgage.

3. CORPORATIONS—PROVISIONS FOR ATTORNEY'S FEE NOT ENFORCEABLE WHEN MORTGAGE NOT AUTHORIZED BY ALL DIRECTORS AT MEETING HELD WITHOUT NOTICE.

Where note and mortgage were not authorized at meeting of corporate directors of which notice was given or which all trustees attended, and their execution had not been ratified, provision therein for reasonable attorney's fee upon foreclosure was unenforceable.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by Nick Sorge against the Sierra Auto Supply Company and others. From a judgment for plaintiff, the defendant Fred Stadtmuller, as trustee in bankruptcy of the Sierra Auto Supply Company, appeals. **Remanded for modification. Petition for rehearing denied.**

*Price & Hawkins,* for Appellant Stadtmuller:

Where a corporate resolution authorizing borrowing of money and execution of note and mortgage does not expressly authorize attorney's fees, such fees are not recoverable. Defanti v. Allen Clark Co., 45 Nev. 120; Harden v. I. R. & C. Co., 43 N. W. 544.

Trustees represent corporation only when assembled

together and acting as board. Yellow Jacket M. Co. v. Stevenson, 5 Nev. 232; Rev. Laws, 1127.

A board of directors should act in official meetings, and by its records. Being only artificial, corporation can act only in manner provided by law. A corporation may by custom become estopped and it may be held for acts of its officers ultra vires when it ratifies them, or receives benefits of unauthorized acts. Star Mills v. Bailey, 130 S. W. 1079.

According to Prescott v. Grady, 27 Pac. 756, attorney's fees are damages resulting from breach of special contract, and should be specially averred.

*W. M. Kearney,* for Respondent:

The ruling in Defanti case, on which counsel so strongly rely, was apparently made because there were no facts upon which lower court could have found ratification, estoppel, or approval of mortgages by board as to form, such as we find in case at bar, and the very pertinent reservations of court in Thomas v. Wentworth, 117 Pac. 1041, where similar situation arose, indicate clearly that rule stated in Defanti case refers only to abstract proposition of law when standing alone, and that, if evidence had shown that it was usual and customary for officers to execute mortgages providing for payment of attorney's fees, court would have allowed them.

In Gribble v. Columbus Brewing Co., 35 Pac. 530, where facts were very similar to those in instant case, the court said: "The note and mortgage were such as corporation had right to authorize, and consequently were not ultra vires." If all persons in corporation having right to object to unauthorized act knowingly acquiesce in it, contract is as binding as if originally authorized. Taylor, Corporations, sec. 211.

In Gribble case, Harden v. Ry. Co., cited by counsel, was construed and distinguished and court refused to follow it, though facts are not nearly so strong on ratification or estoppel as in case at bar.

Lack of formality of corporate procedure does not invalidate corporate act where there has been ratification. Murray v. Beal, 65 Pac. 726; 4 Thompson, Corporations, par. 4624.

In absence of evidence to contrary it will be presumed that corporation's note and mortgage were authorized at lawful meeting of board. Clark Realty Co. v. Douglas, 46 Nev. 378; 4 Thompson, Corporations, 5105.

Mortgage by corporation is not invalid merely because of some informality in corporate procedure. Bank v. Coats, 205 Fed. 618.

Informality of corporate acts does not affect third persons acting in good faith with corporation. Miners Ditch Co. v. Zellerbach, 37 Cal. 543.

If all directors happen to be together and agree to hold meeting for particular object within their jurisdiction, their action cannot be impeached for want of notice of meeting. Chase v. Tuttle, 12 Atl. 874.

Where it has been custom of corporation to function without minutes, it is bound nevertheless by its acts. City Elec. Co. v. Bank, 34 S. W. 89.

By the Court, COLEMAN, J.:

There is but one question presented on this appeal, and that is whether the trial court erred in adjudging the plaintiff in the foreclosure of a mortgage to be entitled to recover an attorney's fee. In determining this question we need consider only the contention of the appellants that the defendant corporation did not authorize its officers to embody in the notes and mortgages executed the provision therein contained authorizing a court, in case of foreclosure, to award to the mortgagee such fee. On this point the facts are few. The defendant company executed two notes, one for $20,000, dated May 6, 1920, and another for $4,000, dated May 20, 1921, both containing the following provision:

"And in case suit or action is instituted to collect this note, or any portion thereof, we promise and agree

to pay, in addition to the costs and disbursements provided by statute, such additional sum in like lawful money of the United States, as the court may adjudge reasonable for attorney's fees to be allowed in said suit or action."

These notes were secured by mortgages containing provisions to the effect that in case of foreclosure thereof the court should adjudge the plaintiff to be entitled to recover such a sum as attorney's fee as it might deem reasonable.

The only defendant which appeared in the trial court and contested plaintiff's right to an attorney's fee is the defendant, Fred Stadtmuller, as trustee, etc. From a judgment in favor of plaintiff, he has appealed.

1. Counsel for appellant insist that the judgment must be reversed for the reason that there was no meeting of the trustees of the defendant company, duly called, at which the officers of the company were authorized to execute the note and mortgage in question. No contention is made as to the incorrectness of the judgment as to the money loaned since the company received the benefit thereof, but upon authority of Defanti v. Clark, 45 Nev. 120, 198 Pac. 549, it is said that the court erred in awarding the plaintiff an attorney's fee. We do not think that case is in point. There is a wide difference between the facts in that case and in the instant one. In that case we held that Defanti could not recover attorney's fee for the reason that there was no legal meeting of the board of trustees authorizing the execution of the note and mortgage, and that no such transaction had ever been ratified. In that case there was no meeting of the board of trustees at which all the trustees were present and acting, whereas in the instant case, so far as the $20,000 note and mortgage are concerned, they were all present and acting. It is true it does not appear that a meeting was held pursuant to notice, but they all assembled, for the sole purpose evidently of considering the proposition of borrowing the money obtained and of giving a note and mortgage

to secure the payment thereof. The trustees knew that the company could not get the desired money unless these papers were authorized. The note and mortgage had been prepared by an attorney for the respondent. They embodied the terms and conditions upon which respondent was willing to part with the money. There is in evidence a resolution purporting to have been adopted at a meeting of the board of directors of the defendant company on May 6, which authorizes the officers of the company to borrow from Nick Sorge the sum of $20,000 on behalf of the company and to execute a note therefor and a mortgage to secure the same. The evidence shows that at the meeting at which the resolution mentioned was adopted the note and mortgage to which we have referred, and which were sued upon, were read over by all of the directors, and their execution authorized. It was the particular note and mortgage in question here which the board of directors were acting upon. In such circumstances we see no escape from the conclusion that the note and mortgage in question are valid and binding in every particular. In Hubbard v. University Bank of Los Angeles, 125 Cal. 684, 58 Pac. 297, the court said:

"The averments above quoted are sufficient to charge the corporation with the execution of this particular mortgage, and, as they are not denied, the defendants are bound by them."

This holding seems to be squarely in point and decisive of the contention made.

2. It is said that the evidence does not show that the board of directors acted as such. The resolution adopted confutes this contention. The fact that the minutes of the meeting were not written up and attested by the officers of the company is not a circumstance which can be invoked to defeat the mortgage given pursuant to the resolution.

3. The $4,000 note and mortgage were not authorized at a meeting of which notice was given or at which all of the trustees attended, nor has the execution thereof

been ratified. That note and mortgage are controlled by the law as declared in the Defanti case, supra. It follows that the court could not take into consideration in fixing an attorney's fee the services rendered in the foreclosing of the $4,000 note.

It is ordered that the case be remanded, and that the trial court modify its judgment in accordance with the views above expressed.

## On Petition for Rehearing

January 5, 1924.                         221 Pac. 521.

1. Appeal and Error—Judgment for Lump Sum Properly Modified on Appeal Where One of Causes of Action Not Established.

   Where the court in rendering judgment for attorney's fees did so for a lump sum, instead of apportioning a certain amount for each mortgage foreclosed, the judgment was properly modified on appeal, where one of the causes of action as to attorney's fees was not established.

2. Appeal and Error—Upon Appeal, Supreme Court May Modify Judgment though an Entirety.

   That a judgment is an entirety does not affect the power of the supreme court upon the hearing of an appeal, in view of Rev. Laws, 5359, to modify the judgment, or affirm it as to some issues and reverse it as to others.

On petition for rehearing. **Petition denied.**

*W. M. Kearney,* for Petitioner:

If there is any evidence to support judgment it will not be reversed upon appeal. Jones v. West End M. Co., 36 Nev. 149; Jensen v. Pradere, 39 Nev. 446.

Where objection that amount of recovery is excessive is not made basis of motion for new trial it is not available on appeal. Livermore v. Stine, 43 Cal. 372; Graham v. Yates, 128 Pac. 119; Forrester v. S. P. Co., 36 Nev. 248.

A verdict cannot be reduced on ground of excessive damages, unless new trial can properly be granted on that ground. Van Fleet v. O'Neil, 44 Nev. 216.

The jury are proper judges of value of professional services, and verdict will not be interfered with unless jury were misled. Rose v. Spies, 44 Mo. 20.

*Price & Hawkins,* for Appellants:

New trials or rehearings should not be granted unless there is a reasonable probability that court erred or overlooked some important question. Copeland v. Woodbury, 17 Nev. 337. Rehearings are not granted as matter of right. Pershing County v. Humboldt County, 43 Nev. 78.

Proper proceeding to protect appellant is by motion therefor, not petition for rehearing. Studebaker Co. v. Witcher, 44 Nev. 468.

By the Court, COLEMAN, J.:

A petition for rehearing has been presented by the respondent. He makes two points: First, that the court erred in its conclusion as to the $4,000 mortgage; and, second, assuming that no error was committed in the respect mentioned, the order made was not justified. As to the first proposition urged, we are altogether satisfied with what was said in the opinion.

1. There is no greater merit in the other contention than in the one just disposed of, but counsel has argued it at great length in his petition, and we will endeavor briefly to clarify the matter. His point is that, since the court, in rendering the judgment, did so for a lump sum, instead of apportioning a certain amount for services in foreclosing the $20,000 mortgage, and an amount for the $4,000 mortgage, "if there is any evidence to support the judgment it will not be reversed upon appeal," citing to support this contention Jones v. West End M. Co., 36 Nev. 149, 134 Pac. 104, and Jensen v. Pradere, 39 Nev. 466, 159 Pac. 54. We do not think either of the cases bear out the contention. The evidence in the cases mentioned was conflicting, and this court refused to disturb the judgment because there was substantial evidence to support it. But if the decisions sustained the contention made in the quoted matter, they would not apply to the situation in hand wherein we held, in substance, that one of the causes of action as to the attorney's fees was not established by the evidence, the mortgage not having been authorized.

**2.** It is further contended that, since the judgment was for a lump sum, the appeal being from the judgment as an entirety, we had no authority to order a modification, even though the $4,000 mortgage was never authorized by the corporation. This court, in State v. C. P. R. R. Co., 21 Nev. 172, 26 Pac. 225, held:

"A party may appeal from the whole or any part of a judgment (Gen. Stat. 3353; Hayne, New Trials & App. 185); and upon the hearing of an appeal, the supreme court may reverse, affirm, or modify a judgment, or affirm it as to some issues and reverse as to others (Gen. Stat. 3361; Hayne, New Trials & App. 295)."

See, also, section 5359 of the Revised Laws.

It is ordered that the petition be denied.