## SORGE v. SIERRA AUTO SUPPLY CO.

No. 2583

July 1, 1924.                                         227 Pac. 320.

ON COSTS

1. Costs—Recovery of Costs on Appeal, where Judgment Modified, Held Warranted.

Under Rev. Laws, sec. 5381, authorizing recovery of costs, on appeal where judgment is modified by party obtaining "any relief," where judgment appealed from was modified as related to attorney's fees, costs were recoverable.

2. Costs—Verified Bill, Stating Costs Are Correct and Necessarily Incurred, Sufficient.

Under Supreme Court rule vi, requiring one seeking to recover costs to file bill stating "actual" costs, a bill stating that costs listed are "correct" and "necessarily incurred" is sufficient.

See 15 C. J. sec. 618, p. 251, n. 53; sec. 655, p. 263, n. 29.
See, also, 47 Nev. 217, 222.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by Nick Sorge against the Sierra Auto Supply Company and others. On motion to retax costs on appeal by Fred Stadtmuller as trustee in bankruptcy of defendant. **Motion denied.**

*W. M. Kearney,* for Movant and Respondent:

Opinion on merits contained no order as to costs. There was no order for new trial, nor modification of facts nor amount of attorney's fees. Appellant obtained no relief. Respondent clearly prevailed on main issue.

Rule vi on costs allows expense of transcript, affidavits, briefs, or other papers in record; all other costs to be taxed by clerk according to fee bill. Richards v. Vermilyea, 42 Nev. 294.

Verified cost bill must be filed and served. No greater than actual costs shall be taxed. Zelavin v. Mining Co., 41 Nev. 1.

Rule vi provides for verification stating actual costs. Stats. 1919, 175, requires costs be "actually" instead of "necessarily" incurred.

Failure to claim costs in manner required by statute is waiver. Hotchiss v. Smith, 41 Pac. 304.

Having failed to obtain new trial, no allowance can be made for transcript. Ramelli v. Sorge, 40 Nev. 281, citing Rev. Laws, 5333.

Appellant will be deemed unsuccessful if mere change in portion of judgment is made, and must pay costs. I. C. R. R. Co. v. Wells, 59 S. W. 1041.

Where appeal was from whole decree and only minor modification made, neither party was given costs. N. E. R. R. Co. v. Carnegie Steel Co., 75 Fed. 54.

Correction of trivial error is not sufficient to entitle appellant to costs. Thrasher v. Moran, 81 Pac. 32.

*Price & Hawkins,* for Appellants:

Rev. Laws 5381 provides in event no order is made relative to costs in two instances mentioned, party

obtaining any relief shall have his costs. Appellant obtained relief.

Rev. Laws 5333, construed in Ramelli v. Sorge, 40 Nev. 281, cited by counsel, was repealed in 1915, hence that case is not authority in case at bar.

It is not unusual for court not to make order awarding costs. Page v. Walser is authority for award in case at bar.

Unless 1919 Stats. 175, has changed law, verification to cost bill is sufficient. Manifestly statute has no reference to costs involved in this action.

According to respondent the order remanding case and directing court · to modify judgment amounts to nothing.

## OPINION

By the Court, COLEMAN, J.:

Subsequently to the filing of the opinion on the merits in the above-entitled matter the appellant filed his cost bill consisting of several items, duly sworn to; the affidavit reciting that the items in the cost bill "are correct," and that "said disbursements have been necessarily incurred in said action."

Counsel for respondents made a motion to retax costs upon the following grounds: (a) The appellants did not prevail in their motion for a new trial and upon an appeal from the judgment, and that the respondent was sustained in all material matters involved. (b) Upon the ground that the said memorandum of costs and disbursements does not comply with the statutes and rules in such cases made and provided, and that the same is therefore null and void. (c) Upon the ground that a new trial has not been authorized or granted wherein any change may be made regarding the question at issue on appeal; namely, an attorney's fee. (d) That the supreme court sustained the respondent in holding that the respondent was entitled to an attorney fee on foreclosure.

The clerk overruled the motion, and an appeal has been taken as authorized by rule vi.

Section 5381, Revised Laws, reads:

"In the following cases the costs of an appeal to the supreme court shall be in the discretion of the court:

1. Where a new trial is ordered.

2. When a judgment is modified. In the event no order is made by the court relative to the costs in the two instances mentioned in this section, the party obtaining any relief shall have his costs."

Rule vi enumerates the items of costs which may be recovered, and provides that the party desiring to recover his cost shall file and serve his verified cost bill stating the actual cost incurred, "and no greater amount than such actual cost shall be taxed as costs."

In disposing of this case upon the merits it was ordered that the case be remanded, and that the trial court modify its judgment in accordance with the views expressed in the opinion.

1. Counsel for movant cites many authorities upon which reliance is had to sustain the contention that there was no such modification of the judgment as entitled appellant to recover costs. Our statute provides that a party obtaining "any relief" shall be entitled to recover costs. The statute is very broad, and leaves no room for the exercise of discretion at this time, even if we were disposed to exercise any. Under the uniform decisions of this court no course is open but to rule against the contention made. Richards v. Vermilyea, 42 Nev. 294, 175 Pac. 188, 180 Pac. 121.

2. Counsel also contends that the items of costs for typing record on appeal, brief, etc., should be disallowed, since it does not appear that they were "actual" costs. The affidavit in support of the cost bill does not use the word "actual," but, as shown, it states that the items in the cost bill are "correct," and that they were "necessarily incurred." It appears to us that it is not necessary that the word "actual" be used in the verification of a cost bill to convey the idea that the costs

were in fact incurred, and this is all that was ever contemplated as being necessary to be shown to entitle a party to his costs. When an affidavit shows that the items of costs are "correct" and "necessarily incurred," it complies with the requirement of the rule.

The rulings of the clerk are correct, and are hereby affirmed.