GERLACH LIVE STOCK CO. ET AL. *v.* LAXALT

No. 2792

April 27, 1931.                    298 P. 413.

(DUCKER, J., dissenting.)

*William M. Kearney* and *Sidney W. Robinson,* for Appellant:

*John S. Sinai*, for Respondents:

## OPINION

By the Court, SANDERS, J.:

In this case a rehearing was granted (52 Nev. 475) upon the petitions of both parties.

The action was brought in February, 1925, to recover

compensatory and exemplary damages for the alleged wrongful, willful, malicious, and unlawful herding and grazing of defendant's sheep upon the plaintiff's unin-closed detached quarter sections of mountain land, situ-ated in the northern part of Washoe County, and used by plaintiffs as a range for their cattle during the graz-ing season, whereby the grasses and browse growing thereon were destroyed and consumed, the water thereon polluted, and plaintiffs' cattle grazing thereon driven from the land, onto land where there was but little or no water, and but little pasturage of inferior quality, and, as a result of being driven from the land, plaintiffs' cattle became emaciated, poor, and deteriorated in value, to plaintiffs' injury and damage. Such, in substance, was the complaint. Plaintiffs demanded judgment for the sum of $2,500 actual damages, and, in addition, $5,000 exemplary damages.

The defendant, in his answer, denied the allegations of the complaint, and defended upon the ground that the acts and things complained of in the complaint were committed by the defendant's agents or servants, for which the defendant was not responsible; that, prior to the commencement of the action, one of the plaintiffs had agreed to accept from the defendant the sum of $250 as full compensation for the injury complained of, which sum defendant offered to pay, but was refused. The plaintiffs for reply denied the new matter contained in the answer, and reiterated their prayer for judgment for the sums demanded in their complaint.

The action was tried without the assistance of a jury. It appears that, within 30 days after the submission of the cause for decision, the trial court filed with the clerk of the court below its written decision, in which it was ordered that plaintiffs, in accordance with the decision, have judgment for the sum of $1,800 actual damages and for the additional sum of $1,000 exemplary damages. Upon the filing of the decision, both parties prepared and submitted for the court's approval findings of fact and conclusions of law. The court approved and adopted the findings as presented by counsel for the plaintiffs,

with certain amendments, as proposed by counsel for the defendant. The court found, in substance, that the allegations of the complaint were true, and that plaintiffs were entitled to $1,800 actual damages and $1,000 exemplary damages; that the $1,800 was the pasturage value of the land trespassed upon by the defendant. Judgment was entered upon the court's decision, findings of fact, and conclusions of law.

The defendant appealed from the judgment and also from an order denying his motion for a new trial. Upon appeal the judgment was affirmed (52 Nev. 191, 284 P. 310), by requiring the plaintiffs to waive that portion of the judgment for $1,800 as a condition against reversal and a new trial.

It appears that, upon receipt of a copy of the order of affirmance of the judgment conditionally, the plaintiffs filed with the clerk of the court below, within the time and as required by the order, a written statement of their acceptance of the judgment as modified. It appears that, within the time allowed by rule of the supreme court, plaintiffs petitioned for a rehearing, to which petition the defendant filed a reply. It also appears that the defendant, being dissatisfied with the affirmance of the judgment conditionally, petitioned for a rehearing. Their petitions were granted in July, 1930, without limitations. Thereafter the case took the course of a new appeal, was reargued, and submitted for decision de novo.

It is unnecessary to review the pleadings and the facts in detail, as they are set out in the former opinion, to which reference is now made. Gerlach Live Stock Co. et al. v. Laxalt, 52 Nev. 191, 284 P. 310.

The rehearing having been granted without restrictions, we are in limine confronted with the question of whether the judgment should be reversed, affirmed, or modified. We are immediately concerned with the question of whether the judgment as modified in the former opinion was error. It is suggested in argument on the part of counsel for the appellant, who was the defendant below, that the modification of the judgment by

requiring respondents, plaintiffs below, to waive that portion of the judgment for $1,800 actual damages leaves the defendant with a judgment against him for $1,000 exemplary damages, without any actual damages to support it. In other words, it is insisted that actual damage is an essential predicate to the imposition of punitive damages. It is true that there are respectable authorities which support the proposition. On the other hand, there is a line of authority which vigorously dissents from the rule that actual damages must be found or recovered to permit the imposition of punitive damages. See Gilham v. Devereaux, annotation IV, 33 A. L. R. 410. The writer of the former opinion endeavored to make it clear that, where failure to recover actual damages for trespass is due solely to defect in pleadings, where all the elements of exemplary damages are present, exemplary damages may be recovered, citing Favorite v. Cottrill, 62 Mo. App. 119. Further in support of this holding we cite the case of McConathy v. Deck, 34 Colo. 461, 83 P. 135, 4 L. R. A. (N. S.) 358, 7 Ann. Cas. 896.

From the former opinion it is made to appear that the only error found in the record was in the admission of evidence of the expense of feeding the plaintiffs' cattle hay after they were driven from the land, over the objections of the defendant. It was held that the value of the hay constituted special damages not pleaded. Consequently the evidence was inadmissible as bearing upon the value of the pasturage destroyed and consumed by the defendant's sheep. In this situation, it was ordered that the judgment be affirmed conditionally.

██ In this jurisdiction the power of the court to modify a judgment is statutory. It has been held that the fact that a judgment is an entirety does not affect the power of this court, upon the hearing of an appeal, in view of Rev. Laws, sec. 5359, to modify the judgment, or affirm it as to some issues and reverse it as to others. Sorge v. Sierra Auto Supply Co., 47 Nev. 222, 218 P. 735, 221 P. 521. In the instant case the proof shows that plaintiffs sustained actual damages, and, all the elements of exemplary damages being present, this court

had the power to order that, unless the plaintiffs waive or remit that portion of the judgment for actual damages, the judgment would be reversed and a new trial ordered. The plaintiffs having complied with the order by filing with the clerk of the court below a statement of their acceptance of the judgment as modified, it is argued that they are in no position to contend that the judgment should be affirmed in its entirety. Since a rehearing was granted on the petitions of both parties, we do not think that plaintiff's acceptance of the judgment as modified should be treated on this hearing as an absolute acceptance.

It is argued on the part of the respondents that, even though evidence of the expense of subsequently feeding the plaintiffs' cattle hay was inadmissible under the pleadings, nevertheless the evidence supports the finding of the trial court, viz: "That the Eighteen Hundred Dollars ($1,800.00) to which plaintiffs are entitled by way of actual damage is the pasturage value of the lands upon which defendant trespassed." We are not in accord with this contention. The rulings upon the evidence bearing upon the value of the pasturage destroyed and the court's written decision satisfy us that the court was influenced to make the finding quoted solely upon the amount and value of the hay as bearing upon the value of the pasturage destroyed and consumed by the sheep. We cannot say that, exclusive of the evidence as to the amount and value of the hay, the evidence supports the finding that the $1,800 was the pasturage value of the land trespassed upon. Upon reexamination of the record, we conclude that, for all the reasons stated in the former opinion, no error was committed in the modification of the judgment as a condition against reversal and a new trial. The plaintiffs having signified their willingness to have the judgment modified, rather than submit to its reversal and a new trial, it is ordered that the judgment be and is hereby reversed, with directions to the trial court to allow plaintiffs to amend their complaint so as to plead special damages, unless the plaintiffs file with the clerk of the court below, within 10 days after receipt of

copy of the order, a written statement to the effect that the lower court may modify the judgment so that it may be in favor of the plaintiffs for the sum of $1,000 exemplary damages.

On this hearing we have considered all the grounds urged by counsel for the defendant to influence us to recede from the affirmance of that portion of the judgment for $1,000 exemplary damages. We had thought that an order so favorable to the defendant would meet with his approval and serve to end this litigation, which was begun in 1925. We are satisfied from the evidence that the trespasses complained of were knowingly, willfully, and wantonly committed. It is held that, where a trespass is committed willfully, wantonly, or maliciously, exemplary damages may be recovered. 3 C. J. sec. 473, p. 149. The evidence shows that the defendant at all times knew where his sheep were being herded, and must, under the circumstances, be deemed to have ratified the acts of herding by his servants. Hammond v. McMurray Bros., 49 Idaho, 207, 286 P. 603.

The affirmance of the judgment as above ordered will stand.

It is so ordered.

COLEMAN, C. J.: I concur.

DUCKER, J.: I dissent.

## ON COSTS

July 31, 1931.

(SANDERS, J., dissenting.)

 

*John S. Sinai,* for Respondent:

*W. M. Kearney,* for Appellant:

## OPINION

By the Court, COLEMAN, C. J.:

This matter is now on appeal from the ruling of the clerk allowing costs to appellant as demanded in his cost bill. In our opinion on rehearing finally disposing of this case it was ordered that the judgment appealed from be reversed with directions to the trial court to allow plaintiffs to amend their complaint so as to plead special damages, unless the plaintiff filed with the clerk of the court below, within ten days after receipt of a copy of the opinion, a written statement to the effect that the lower court modify the judgment so that it may be in favor of the plaintiffs in the sum of $1,000 exemplary damages. 53 Nev. 259, 298 P. 413.

Thereafter the plaintiffs filed with the clerk of the lower court within the time specified a written statement that the judgment might be modified so as to be in their favor in the sum of $1,000.

■ It is provided by statute that where a judgment

is modified and no order is made in the judgment relative to costs, the party obtaining any relief shall have his costs. (N. C. L. sec. 8928.)

In Dixon v. Southern Pacific Co., 42 Nev. 90, 91, in disposing of a similar state of facts, we said:

"In the opinion on rehearing the court made no order as to costs; consequently, since appellant obtained relief, it necessarily follows that it should recover its costs. This is not open to debate. The statute is clear, emphatic, and peremptory to the effect that 'the party obtaining any relief shall have his costs.' The judgment against the appellant was ordered reversed, unless respondent agreed to a reduction from $2,121.70 to $287.28. Certainly it cannot be said that appellant °did not obtain relief."

■ In the instant case the respondents consented to a reduction of the judgment in the sum of $1,800. The appellant certainly obtained relief.

The Dixon-Southern Pacific opinion has been followed consistently in several cases. In Page v. Walser, 47 Nev., on p. 394, 223 P. 1079, speaking through SANDERS, J., we said:

"We are of the opinion now, as we were then, that the modification of the judgment without an order carries costs."

See, also, Sorge v. Sierra Auto Supply Co., 48 Nev. 60, 227 P. 320; Richards v. Vermilyea, 42 Nev., on p. 300.

It is also said that the amount of the costs obtained is excessive. The clerk figured up this item, and we do not find any error therein.

We think the ruling of the clerk in allowing appellant's costs as claimed is correct, and it is therefore ratified and affirmed.

DUCKER, J.: I concur.

SANDERS, J.: I dissent.