VIRGIL V. KEEVER, ANNETTE KEEVER and CARVER CHAPLE, Appellants, v. JEWELRY MOUNTAIN MINES, Inc., JOHN M. TRIPP and NICHOLAS M. HUGHES, Respondents.

No. 15365

October 4, 1984                    688 P.2d 317

*Jolley, Urga & Wirth,* Las Vegas, for Appellants.

*Edwin J. Dotson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The present controversy involves a derivative action lawsuit brought by John Tripp, a minority shareholder in Jewelry Mountain Mines, Inc., and Nicholas Hughes, a former shareholder, against the controlling shareholders, Virgil and Annette Keever. In this appeal, we concern ourselves with the question of whether Nicholas Hughes had standing to bring a derivative action suit, on behalf of Jewelry Mountain Mines, Inc., against the Keevers.

Under the contemporaneous ownership requirements of NRCP 23.1, a representative plaintiff must have owned stock in the corporation "at the time of the transaction of which he complains" and throughout the pendency of the suit.[1] Lewis v. Knutson, 699 F.2d 230 (5th Cir. 1983). The requirement that the

---

[1]NRCP 23.1 provides, in pertinent part:

> In a derivative action *brought by one or more shareholders* or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be

representative plaintiff has an ongoing proprietary interest in the corporation ensures that the corporation's interests in the derivative action will be adequately represented. *See* Schupack v. Covelli, 498 F.Supp. 704 (1980).

It is undisputed that at the time of the alleged wrongful conduct by the Keevers, John Tripp was not a shareholder in the corporation. Accordingly, the trial court found that Tripp did not have standing to bring the derivative action suit against the controlling shareholders. *See* Gascue v. Saralegui L. & L. Co., 70 Nev. 83, 255 P.2d 335 (1953). This finding has not been appealed.

We therefore turn our attention to the standing of Hughes. The evidence introduced in district court indicates that although Hughes was a shareholder at the time of the alleged wrongful acts, Hughes sold all of his stock to Tripp with full knowledge of the defendant's actions almost one year before the present lawsuit was commenced. Despite this sale to Tripp, Hughes argues that he had equitable rights in 9 percent of the corporate stock which was purchased by the Keevers in violation of an agreement with Hughes to maintain equal ownership in the corporation. We disagree. When Hughes voluntarily sold his interests to Tripp, he precluded any possibility that equality of ownership could be maintained between himself and the Keevers. We therefore hold that Hughes has waived his rights under the agreement. Since Hughes was neither a legal nor an equitable owner of shares in Jewelry Mountain Mines, Inc. when the action was filed, he did not have standing to maintain the derivative action. The judgment is therefore reversed.

---

verifed and *shall allege that the plaintiff was a shareholder or member at the time of the transaction of which he complains* or that his share or membership thereafter devolved on him by operation of law.

(Emphasis added).