VIRGIL V. KEEVER, ANNETTE KEEVER and GARDNER CAPLE, Appellants, *v.* JEWELRY MOUNTAIN MINES, INC., by and through JOHN M. TRIPP and NICHOLAS M. HUGHES, Respondents.

No. 16360

April 24, 1986             717 P.2d 1117

---

*Jolley, Urga, Wirth & Woodbury,* Las Vegas, for Appellants.

*Edwin Dotson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal follows from an order from the trial court denying a motion by appellants for their costs from an earlier appeal. In the previous controversy, appellants successfully obtained the reversal of a judgment against them in a stockholders' derivative action. *See* Keever v. Jewelry Mountain Mines, 100 Nev. 576, 688 P.2d 317 (1984). Appellants taxed the costs of that appeal to this court. Pursuant to NRAP 39(c) the clerk awarded them $250.00. Appellants then moved for the awarding of costs which are recoverable at the district court under NRAP 39(e). On January 9, 1985, the trial court denied appellants' motion and explained that the awarding of costs was discretionary.

Appellants now raise the question of whether the awarding of costs on appeal is mandatory when the party appealing successfully obtains relief. We find that NRS 18.060 already addresses this question. It provides as follows:

> 18.060  Costs of appeal to supreme court; discretion of court.  In the following cases the costs of an appeal to the supreme court shall be in the discretion of the court:
> 1.  Where a new trial is ordered.
> 2.  When a judgment is modified.
> *In the event no order is made by the court relative to the costs in the two instances mentioned in this section, the party obtaining any relief shall have his costs.*

(Emphasis supplied.) In construing this statute, we have held that its mandatory requirement of the awarding of costs is clear, emphatic, and peremptory. *See* Canepa v. Durham, 62 Nev. 429, 155 P.2d 788 (1945); Sorge v. Sierra Auto Supply, 48 Nev. 60, 227 P. 320 (1924); Dixon v. Southern Pacific Co., 42 Nev. 90, 177 Pac. 14 (1918).

We hold, therefore, that the district court erred in denying the costs of appeal and ruling that it had the discretion to do so. Appellants were entitled to their costs after our reversal of the judgment in the derivative action. We reverse the decision denying costs and remand to the district court.