An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD W. DRAKE,
Appellant/Cross-Respondent,
vs.
TERRY ALLEN,
Respondent/Cross-Appellant,

No. 64854

TERRY ALLEN,
Appellant,
vs.
RICHARD W. DRAKE,
Respondent.

No. 65602

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER DISMISSING IN PART, AFFIRMING IN PART, AND REMANDING

These are consolidated pro se and counseled appeals and a cross-appeal from district court orders granting a motion to dismiss in a corporations and tort action (Docket No. 64854) and denying a post-judgment motion for attorney fees (Docket No. 65602). Second Judicial District Court, Washoe County; Scott N. Freeman, District Judge.

Richard Drake, a former shareholder of Hotel Contracting Services, Inc. (HCS), filed suit against Terry Allen and Stuart and Kitty Burns, who are also shareholders, officers, and/or directors of HCS, alleging various contract and tort causes of action based both upon Allen's and the Burns' acts concerning HCS and an earlier lawsuit that they had

 

15-15502

filed seeking relief against other directors for allegedly improper corporate acts. The Burns were not served, and Allen moved to dismiss the case based upon both NRS 41.660, Nevada's anti-SLAPP statute, and NRCP 12(b)(5) for failure to state a claim. The district court granted Allen's motion, denying relief under NRS 41.660 but dismissing the causes of action against him under NRCP 12(b)(5). Allen subsequently moved for attorney fees under NRS 18.010(2)(b), which the district court denied. The district court later dismissed the Burns from the action because Drake had failed to serve them.

These appeals followed, with Drake challenging the dismissal of the lawsuit and Allen challenging the denial of the anti-SLAPP portion of his motion to dismiss and the denial of his attorney fee request. We review de novo a district court's order granting a motion to dismiss, *Moon v. McDonald, Carano & Wilson LLP*, 129 Nev. Adv. Op. No. 56, 306 P.3d 406, 408 (2013), but we review the district court's order denying attorney fees for an abuse of discretion. *Bobby Berosini, Ltd. v. PETA*, 114 Nev. 1348, 1354, 971 P.2d 383, 387 (1998).

*Docket No. 64854*

During briefing, Allen moved to dismiss Drake's appeal because Drake sold his shares in HCS and is no longer a shareholder. The third, eighth, and ninth causes of action are derivative in nature and brought by Drake on behalf of HCS.[1] Assuming, without deciding, that

---

[1]Regarding the third cause of action, Drake did not allege that a contract existed between himself and Allen, which is required for Drake to maintain a direct action against Allen for a contractual breach of the covenant of good faith and fair dealing. *Hilton Hotels Corp. v. Butch Lewis*

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

Drake properly brought these claims without making the demand on the board required in derivative litigation because HCS was a six-shareholder corporation, Drake may no longer maintain these causes of action because he sold his shares of stock in the corporation. NRCP 23.1; *Keever v. Jewelry Mountain Mines, Inc.*, 100 Nev. 576, 577-78, 688 P.2d 317, 317-18 (1984). Thus, we grant Allen's September 29, 2014, motion to dismiss Drake's appeal with regard to these causes of action. We deny the motion as to the other causes of action.

Starting with Allen's cross-appeal, when considering a motion made under Nevada's Anti-SLAPP statute, the district court must determine (a) if "the claim is based upon a good faith communication in furtherance of the right to petition," and (b) "whether the plaintiff has established by clear and convincing evidence a probability of prevailing on the claim." NRS 41.660(3)(a)-(b); *see John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 752, 219 P.3d 1276, 1281 (2009). In this case, the first, second, fourth, fifth, and sixth causes of action are based upon Allen's "good faith communication in furtherance of the right to petition" because they are based on the filing of the Allen/Burns complaint. *See JSJ Ltd. P'ship v. Mehrban*, 141 Cal. Rptr. 3d 338, 345 (Ct. App. 2012) ("Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of

---

*...continued*

*Prods., Inc.*, 107 Nev. 226, 234, 808 P.2d 919, 923-24 (1991). Similarly, regarding the eighth cause of action, Drake does not allege that an attorney-client relationship existed between himself and Allen, which is required for Drake to maintain a direct malpractice action against Allen. *Hewitt v. Allen*, 118 Nev. 216, 220-21, 43 P.3d 345, 347 (2002).

Supreme Court
of
Nevada

(O) 1947A

whether it has merit."). These claims also lack a probability of success on the merits because they are based upon Allen's alleged ulterior motive to dissolve HCS. In this regard, assuming that Allen desired to dissolve HCS, persons holding ten percent or more of the outstanding stock in a corporation may seek judicial dissolution of the corporation under NRS 78.650, and thus, seeking such dissolution is not an act that would subject them to liability. *See also* NRS 78A.140(1)(a) (permitting a stockholder in a close corporation to petition the court to appoint a receiver and dissolve the corporation); *Bedore v. Familian*, 122 Nev. 5, 10, 125 P.3d 1168, 1171-72 (2006). Therefore, the district court should have granted Allen's anti-SLAPP motion as to the first, second, fourth, fifth, and sixth causes of action. Accordingly, we affirm the dismissal of these causes of action, but for different reasons than those stated by the district court. In light of this order, we remand this matter to the district court for consideration of Allen's request for attorney fees and costs under NRS 41.670.

Regarding Drake's appeal, we affirm the dismissal of the seventh and last remaining cause of action because Drake asserted this cause of action only against Mr. Burns, whom he failed to serve.

*Docket No. 65602*

Turning to the appeal in Docket No. 65602, the grant or denial of attorney fees under NRS 18.010(2)(b) is within the discretion of the district court. We conclude that the district court did not abuse its discretion when it denied Allen's requested attorney fees because the non-SLAPP causes of action were not maintained without reasonable grounds. NRS 18.010(2)(b); *Bobby Berosini*, 114 Nev. at 1354-55, 971 P.2d at 387.

Accordingly, we affirm the district court's order denying attorney fees under NRS 18.010(2)(b).

It is so ORDERED.[2]

_____, J.
Parraguirre

_____, J.        _____, J.
Douglas                              Cherry


cc:    Hon. Scott N. Freeman, District Judge
       Richard W. Drake
       Kent Law
       Washoe District Court Clerk

---

[2]In his motions and oppositions, Drake alleges, and Allen disputes, that this case was settled in conjunction with the settlement of the Allen/Burns complaint and with Drake's sale of his stock shares to Allen and the Burns. Whether this is true is unclear, however, because Drake and Allen have submitted conflicting and incomplete documents and limited argument regarding whether the settlement included this matter. Accordingly, we decline to consider the settlement issue. Drake may raise this argument on remand in the district court.

We have considered the parties' other arguments and conclude that they lack merit.