Nov. Term, 1861.

THE STATE v. ROBB.

*Thos. D. & R. L. Walpole*, for the appellants.

*N. B. Taylor* and *B. K. Elliott*, for the appellees.

---

THE STATE *v.* ROBB.

Section 21 of the general election law (1 R. S. 1852, p. 263) was intended to, and does, preclude the election board from taking testimony relative to the right of any person to vote, who may offer to take the oath therein prescribed.

It is the duty of the inspector or judge to state to one who offers to vote and is challenged, the requisites to entitle him to cast such vote; if he still persists in his offer, and swears, or offers to swear, they can refuse to swear him, and even after they have sworn him may refuse his vote, but they do so at the peril of being able to show that he was not a legal voter, upon a prosecution for refusing the vote.

The board are only liable for the rejection of a *legal* vote, and though the person offering to vote may have taken the oath, yet the penalty for rejecting his vote would not attach if the board should be able to show that he was not a legal voter.

When the person offering to vote takes the prescribed oath, the board are justified in receiving his vote, unless it can be shown that they acted corruptly, and were cognizant of the fact that he was not a legal voter.

*Saturday, December 14.*

APPEAL from the *Morgan* Common Pleas.

HANNA, J.—This was a prosecution against *Robb*, who, it is averred, as inspector of an election, knowingly, willfully, and contemptuously refused and neglected to receive the vote when offered at, &c., of one *Adam Winningham*, who was then and there a legal voter of, and in, &c.

The defendant was tried and acquitted. The case is brought here upon questions reserved by the State, in

reference to rulings upon the admission of evidence, and the refusal of instructions.

It is stated in the bill of exceptions, that it was proved the person who offered to vote, had resided in the township, &c., for from eight to twelve months preceding said day of election on which he offered his vote to said defendant, who was then the legal and acting inspector, &c., and his right to vote being challenged, he proposed and offered to take the oath, &c., and that defendant, as such inspector, refused to administer said oath, or to permit him to vote, after which defendant was permitted to introduce the evidence of one, &c., who testified that said *Winningham* had a wife and children residing in *North Carolina*, and that he was supporting them, and intended to return thither and join his family.

The instructions asked and refused, were as follows:

1. "The oath of the voter is in all cases the primary, and to the election board, conclusive evidence, of his right to vote."

2. "When a person offers to the proper officer of an election his vote, and his right to vote is challenged, if he takes, or offers to take, the oath prescribed by § 21 of the general election law, he is, so far as said officer is concerned, a legal voter, and such officer is bound to receive his vote."

It is insisted, that a person tendering a vote can judge and determine for himself as to whether he is entitled to cast it; that if he insists upon his right to vote, after being challenged, and informed of the qualifications of a voter, and will take the oath in the said § 21 of the act regulating elections, &c., then the vote must be received (1 R. S., §§ 20, 21, 22, p. 263); but if he will not be sworn, but persists in his offer to vote, evidence shall be heard, and the board shall determine thereupon as to his right.

The determination of this question is necessary in the case at bar, because the prosecution was had under the act of *December* 23, 1858, p. 40, which provides that any inspector, or judge of, &c., "who shall knowingly and willfully, or corruptly, refuse or neglect to receive the vote of any legal voter."

Who is to determine whether the person offering to vote

is entitled to exercise the right of suffrage, under these statutes? The statute last referred to does not, in manner, refer to what is necessary to make a man a legal voter. We must refer to other laws to ascertain that fact; and it is, therefore, insisted that we must be governed by those other statutes as to the manner of determining who are legal voters. On the other side, it is urged that in a prosecution against an inspector he should be permitted to show that the person who offered his ballot was not a legal voter; that all he did was to prevent the said person from corruptly voting.

It is manifest that the Legislature intended to, and by § 21, quoted does, preclude the board of election officers from taking testimony relative to the right of any person to vote, who may offer to take the oath therein provided. It is the duty of such officers to state, to one who offers to vote and is challenged, the requisites to entitle him to cast such vote. If he still persists and swears, or offers to swear, they can refuse to swear him, and even after they so swear him, refuse his vote; but they do so at the peril of being able to show that he is not a legal voter, upon a prosecution against them for neglect of official duty, or a suit by the voter for deprivation of the right to exercise the elective franchise. If he will not take the oath, but other evidence of his right to vote is heard, as provided in other sections, then they are permitted to determine, as best they can, from that evidence, without having to combat the *prima fucie* case made against them by the oath of the voter. It is. manifest that this right must rest in the board under the law of 1858, for they are liable only for the rejection of a legal vote. If a man, not a legal voter, was refused, after having taken the oath, the penalty would not attach when the board should be able to show that fact. It is also clear, that if the board received the vote of one who swears, such oath justifies them, unless it can be shown that they acted corruptly, which would be the case if they were cognizant of the fact that he was not a legal voter.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. V. Burns*, for the State.

*W. R. Harrison*, for the appellee.