E. B. LANE, Appellant, v. T. I. MITCHELL and Others.

Elections: CHALLENGE OF VOTER: DUTY OF JUDGES. The duties of judges of election are ministerial and not judicial, insofar as they relate to administering the oath to a challenged voter and receiving his ballot; and the judges can not arbitrarily refuse to administer the oath or receive the ballot after it has been administered.

Same: DAMAGES FOR REFUSAL OF RIGHT TO VOTE. Damages for refusing to administer the oath and receive the ballot of a qualified but challenged voter, when the refusal is wilful and malicious, are not necessarily nominal only, but may be substantial.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

MONDAY, NOVEMBER 20, 1911.

SUIT for damages against judges of election, who refused to receive the plaintiff's vote at a general election. There was a directed verdict for the defendants. The plaintiff appeals.—*Reversed.*

*Redmond & Stewart,* for appellant.

*Chas. W. Kepler & Son,* for appellees.

SHERWIN, C. J.—At the time of the November, 1908, general election, the plaintiff was a student of Cornell College, Mt. Vernon, Iowa, and the defendants were judges of said election in Mt. Vernon precinct. The plaintiff presented himself at the polls at the proper time, and demanded a ballot for the purpose of voting. He was refused a ballot, whereupon he demanded that the statutory oath

be administered to him, and that he thereafter be permitted
to vote.   The defendants refused to administer the oath,
and the plaintiff was not allowed to vote.   He brought this
action to recover damages, alleging malice on the part of
the defendants.   The trial was to a jury, but after the
close of the evidence on both sides the court directed a
verdict for the defendants, and rendered a judgment thereon
against the plaintiff for costs.   Counsel have devoted much
time to the question whether the plaintiff showed himself
entitled to vote in Mt. Vernon.   The residence of a person
depends very largely upon his intent, and under the record
presented here we have no hesitancy in holding that the
questions of fact should have gone to the jury.   As we
have already said, the plaintiff insisted that he be sworn,
as provided by section 1115 of the Code, and that he be
thereafter allowed to vote.   The section provides as follows:

Any person offering to vote may be challenged as un-
qualified by any judge or elector; and it is the duty of each
of the judges to challenge any person offering to vote whom
he knows or suspects not to be duly qualified; and he shall
not receive a ballot from a voter who is challenged until
such voter shall have established his right to vote.   When
any person is so challenged, the judges shall explain to him
the qualifications of an elector, and may examine him under
oath touching his qualifications as a voter.   In all pre-
cincts where registration is not required, and in other pre-
cincts where the name of such voter is entered upon the
registration lists, if the person challenged insists that he
is qualified, and the challenge is not withdrawn, one of the
judges shall tender to him the following oath:   'You do
solemnly swear that you are a citizen of the United States,
that you are a resident in good faith of this precinct, that
you are twenty-one years of age as you verily believe, that
you have been a resident of this county sixty days, and of
this state six months next preceding this election, and that
you have not voted at this election,' and if he takes such
oath, his vote shall be received.

We are of opinion that the duties and powers con-

ferred by this section on judges of election are ministerial, and not judicial, and that the judges can not refuse to administer the oath therein provided, or refuse to receive the 'ballot after the oath has been taken. The Constitution of the state provides that the citizen fulfilling the stated conditions of age, citizenship, and residence shall be entitled to vote at all elections authorized by law, and such provision undoubtedly leaves it to the Legislature to regulate the exercise of the right, and to provide a method for determining whether persons offering to vote possess the required qualifications. *Edmonds v. Banbury,* 28 Iowa, 267. But neither the section of the statute under consideration, nor any other section, so far as we are advised, confers upon the election judges the power to reject a tendered ballot where the person offering to vote tenders the general oath therein provided for. It is provided that any elector or one of the judges of the election may challenge the person offering to vote, and, where that is done, it then becomes the duty of the judges to withhold the ballot until such voter shall have established his right to vote; and for the purpose of so establishing his right it is provided that the judges shall explain to him the qualifications of an elector, and the judges may examine him under oath touching his qualifications, if they so desire. If, after such examination, the judges conclude that the voter is qualified, he is permitted to vote without further action on his part, and the general oath is not then required. But, if after such examination, the judges conclude that the voter is not entitled to vote, and he still insists that he is, the law says that the general oath therein provided shall be tendered him by one of the judges, and, if he takes such oath, his vote shall be received. This language is clear and explicit, and leaves no discretion with the judges when the voter has complied with the terms of the statute. While the judges are required to make a preliminary test of qualifications and are

I. ELECTIONS: challenge of voter: duty of judges.

given some discretion relative thereto, when the final test provided by the statute is offered, or when it is applied, no discretion is left with the judges, and they must receive the ballot. There are weighty reasons why this should be so; and it is the general rule. The constitutional right to vote is of high value to voters generally, and they should not be deprived of it, except after full investigation by a tribunal with authority to make such an investigation. An election board has no power to, and manifestly could not, call witnesses and enter upon a trial of the right; hence, the legislative provision for a final test at the polls, and the requirement that the ballot be received when such test is taken.

Judge Cooley, in his work on Constitutional Limitations (6th ed.), page 776, says: "Where, however, by the law under which the election is held, the inspectors are to receive the voter's ballot, if he takes the oath that he possesses the constitutional qualifications, the oath is the conclusive evidence on which the inspectors are to act, and they are not at liberty to refuse to administer the oath, or to refuse the vote after the oath has been taken. They are only ministerial officers in such case, and have no discretion but to obey the law and receive the vote." It is so held in *People v. Bell,* 119 N. Y. 175 (23 N. E. 533); *People v. Pease,* 27 N. Y. 45 (84 Am. Dec. 242); *Spragins v. Houghton,* 3 Ill. (2 Scam.) 377; *State v. Robb,* 17 Ind. 536; *Wolcott v. Holcomb,* 97 Mich. 361 (56 N. W. 837, 23 L. R. A. 215); 15 Cyc. 367, and cases cited. And such was also the holding in *Ashby v. White,* 8 State Trials, 89 (Eng.) 2 Ld. Raym., and in *Gillespie v. Palmer,* 20 Wis. 544; 10 Am. & Eng. Ency. of Law, 668. The appellees rely upon *Vanderpoel v. O'Hanlon,* 53 Iowa, 246, as controlling this case on the facts, but the facts are not the same in both cases; and hence, that case does not necessarily control this one. The statement of the issues in that case indicates that the voter took the oath and ten-

dered a ballot, but the statute we have discussed, which is the same as sections 619 and 620 of the Code of 1873, was not referred to in the opinion, and the decision is not, therefore, inconsistent with our present conclusion as to the duty of the election board.

The appellees also say that there should be no reversal, because, if the plaintiff was entitled to recover, his recovery could be of nominal damages only.   But it is not true,

2. SAME: damages for refusal of right to vote.

as a matter of law, that only nominal damages can be recovered in a case of this kind. If a wilful and malicious wrong was done the plaintiff under such circumstances as to entitle him to actual damages, it does not necessarily follow that his recovery can be for nominal damages only, even though such actual damage may not be susceptible of exact calculation. *Long v. Long,* 57 Iowa, 497.

The plaintiff alleged that the defendants acted wilfully and maliciously in refusing to swear him and to accept his ballot, and, if that was found to be true, the jury would have been warranted in awarding the plaintiff a substantial recovery.   While the election board should have received the plaintiff's ballot upon his taking the prescribed oath, there can be no recovery against the board for refusing to receive his ballot, unless the plaintiff shows that he was a resident of Mt. Vernon and entitled to vote there at the time in question.   As we have already said, the court should not have held as a matter of law that the plaintiff was not a resident, and hence not entitled to vote, but should have submitted that question to the jury.   The judgment must therefore be *reversed.*