**PRINGLE TAX SERVICE, INC., an Iowa Corporation, d/b/a Carroll Copy Center, Appellee,**

v.

**Charles E. KNOBLAUCH, Appellant.**

**No. 62792.**

Supreme Court of Iowa.

Aug. 29, 1979.

Greg Knoploh, of Kersten, Opheim, Carlson, Estes & Trevino, Fort Dodge, for appellant.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK and McGIVERIN, JJ.

McCORMICK, Justice.

The question here is whether exemplary damages may be awarded when actual damages have been sustained but not computed or awarded. The trial court held they may be, and we affirm.

Plaintiff Pringle Tax Service, Inc., bought Carroll Copy Center, a printing and duplicating business in Carroll, from defendant Charles E. Knoblauch in May 1976. The sale agreement included a covenant not to compete in which defendant promised not to own, operate or manage any printing business or direct mail service in Carroll County for a period of five years from the date of the agreement.

The present action in equity was commenced by plaintiff in October 1976. Plaintiff alleged defendant was violating the covenant not to compete by operating a printing business called Economy Quick Print in Carroll. In one division of the petition, plaintiff requested an injunction against defendant's violations of the covenant. In a second division, plaintiff alleged defendant tortiously interfered with its business by slanderous and disparaging remarks and publications, theft of customer lists, and violation of the covenant not to compete. Plaintiff asserted defendant's actions were intentional and malicious, prayed for an accounting and judgment for lost profits, and requested exemplary damages.

After hearing, a temporary injunction was entered against defendant in November 1976, restraining him from participating in the operation of Economy Quick Print and from soliciting business for it.

The case went to trial in October 1978 with defendant representing himself. At trial defendant acknowledged he had sought and obtained customers of plaintiff in behalf of Economy Quick Print before being enjoined from doing so. Certain of these customers were identified. However, defendant revealed he had in August 1978 destroyed the records of Economy Quick Print which would have shown how much income that business received from them. Even though plaintiff's president testified plaintiff's gross profit from sales averaged seventy percent, the volume of lost sales was estimated only generally. The record does support an inference that defendant's wrongful activities caused a substantial part of this loss.

The trial court found defendant violated the covenant not to compete. However it also found plaintiff was prevented by defendant's destruction of evidence from proving the amount of its actual damages. In doing so, the court said "there is no question in the court's mind that there were actual damages suffered by plaintiff, and that the same were of more than a nominal amount . . . ." Despite its inability to compute an award of actual damages, the

court found that the elements to support an allowance of exemplary damages were present and awarded plaintiff $2500 of exemplary damages. Defendant appealed.

■ During the appeal he contended for the first time that the trial court erred in awarding exemplary damages because such damages cannot be recovered for breach of contract, citing *Pogge v. Fullerton Lumber Co.*, 277 N.W.2d 916 (Iowa 1979). This contention is untenable for two reasons. First, it is untimely because it was not urged in the trial court. In addition, it overlooks the fact that plaintiff alleged defendant's breach of contract also tortiously interfered with its business relationships. *See Clark v. Figge*, 181 N.W.2d 211, 213–14 (Iowa 1970). Exemplary damages may be awarded when conduct breaching a contract also constitutes an intentional tort committed maliciously. *See Pogge*, 277 N.W.2d at 920.

■■ In the absence of any indication to the contrary, the trial court's finding that the elements to support a punitive damage award were established must be construed as holding the necessary showing was made. *See City of Des Moines v. Huff*, 232 N.W.2d 574, 576 (Iowa 1975) ("When, as here, the court makes only a general finding, every finding of fact necessary to support the decision appealed from will be presumed to have been made."). Moreover, from our de novo review of the record, we find defendant did maliciously commit the tort of interference with business relationships in breaching the non-competition covenant.

■ Another preliminary matter is plaintiff's failure to assist this court by filing an appellee's brief. We addressed this problem in *Bowen v. Kaplan*, 237 N.W.2d 799, 801 (Iowa 1975), as well as in *County of Jefferson v. Barton-Douglas Contractors, Inc.*, 282 N.W.2d 155 (Iowa 1979), filed separately this date. In the present case, in keeping with the principle adopted in *Bowen*, we will not go beyond the ruling of the trial court in searching for a theory upon which to affirm its decision.

This brings us to the main question in the case. It is whether exemplary damages can be awarded when the evidence shows the claimant has suffered actual damages but they have not been assessed.

Reviewing the evidence de novo, we agree with the trial court that plaintiff was deprived of lost profits in substantial amounts by defendant's conduct in breaching the covenant not to compete. The customers he diverted to Economy Quick Print had been regular customers, and losing them undoubtedly cost Carroll Copy Center substantial income.

In *Orkin Exterminating Co., Inc. v. Burnett*, 160 N.W.2d 427, 430 (Iowa 1968), we recognized the distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. If uncertainty lies only in the amount of damages, recovery may be had if there is a reasonable basis in the evidence from which the amount can be inferred or approximated. In the present case we find, like the trial court, that plaintiff sustained actual damages and that uncertainty exists only as to the amount. However, because plaintiff has not challenged the denial of actual damages, we do not decide whether plaintiff was entitled to an award of them under the *Orkin* principle.

We are left with this predicate for the award of exemplary damages: plaintiff suffered actual damages in substantial amount, but they were not awarded.

In *Rowen v. LeMars Mutual Ins. Co.*, 282 N.W.2d 639, 661 (Iowa 1979), we repeated the general rule that "[p]unitive damages may ordinarily be exacted only from those who are first liable for compensatory damages." In *Rowen* the trial court decided which defendants were liable for compensatory damages but left the specific amounts to be recovered for future determination. We said this was a sufficient basis for fixing exemplary damages.

We have also upheld the right of a party to exemplary damages based in part upon losses which under the record could not be ascertained. *Holi-Rest, Inc. v. Treloar*, 217 N.W.2d 517, 526 (Iowa 1974); *see Lane v. Mitchell*, 153 Iowa 139, 143, 133 N.W. 381,

383 (1911) ("If a willful and malicious wrong was done the plaintiff under such circumstances as to entitle him to actual damages, it does not necessarily follow that his recovery can be for nominal damages only, even though such actual damage may not be susceptible of exact calculation.").

Some of our cases speak of the necessity that actual damages be "awarded" or "allowed" before exemplary damages are permitted. *See, e. g., Speed v. Beurle*, 251 N.W.2d 217, 219 (Iowa 1977); *Claude v. Weaver Construction Co.*, 261 Iowa 1225, 1229, 158 N.W.2d 139, 143 (1968); *Sebastian v. Wood*, 246 Iowa 94, 100, 66 N.W.2d 841, 844 (1954); *Shannon v. Gaar*, 234 Iowa 1360, 1364, 15 N.W.2d 257, 259 (1944). However, the majority of cases speak more precisely of the necessity only that actual damages be "shown" or "established." *See, e. g., Rowen v. LeMars Mutual Ins. Co.*, 282 N.W.2d 639 (Iowa 1979); *Young v. City of Des Moines*, 262 N.W.2d 612, 620 (Iowa 1978); *Wolder v. Rahm*, 249 N.W.2d 630, 632 (Iowa 1977); *Berding v. Thada*, 243 N.W.2d 857, 862 (Iowa 1976); *Engel v. Vernon*, 215 N.W.2d 506, 517 (Iowa 1974); *Holden v. Construction Machinery Co.*, 202 N.W.2d 348, 359 (Iowa 1972); *McCarthy v. J. P. Collen & Son Corp.*, 199 N.W.2d 362, 368 (Iowa 1972); *Golden Sun Feeds, Inc. v. Clark*, 258 Iowa 678, 685, 140 N.W.2d 158, 163 (1966); *Kinney v. Cady*, 232 Iowa 403, 412, 4 N.W.2d 225, 229 (1942). The distinction between proving the existence of actual damage and fixing recovery for it was not addressed in these cases, and they do not resolve the present problem.

We believe the principles underlying exemplary damages are equally served whether actual damages are awarded or merely shown.

■■ Exemplary damages are awarded as punishment and as a deterrent to the wrongdoer and others. They are not recoverable as of right and are only incidental to the main cause of action. *Sebastian v. Wood*, 246 Iowa 94, 100, 66 N.W.2d 841, 844 (1954). The reason for requiring actual damages to be shown is that punishment and deterrence are warranted only when

harm has been done. *Langinotti v. Rhodes*, 215 Ark. 380, 383, 220 S.W.2d 812, 814 (1949) ("What the rule rejects is punishment where actual injury has not been shown.").

■ Harm has been established when the record shows actual damage has been suffered, even though for one reason or another the damages have not been computed or awarded. Therefore we hold that a failure to award actual damages will not bar exemplary damages when actual damage has in fact been shown.

This holding is supported by decisions of other courts in analogous circumstances. *See Langinotti v. Rhodes*, 215 Ark. at 383, 220 S.W.2d at 814; *Sterling Drug, Inc. v. Benatar*, 99 Cal.App.2d 393, 400–01, 221 P.2d 965, 970 (1950); *McConathy v. Deck*, 34 Colo. 461, 463, 83 P. 135, 135 (1905); *State ex rel. St. Joseph Belt Ry. v. Shain*, 341 Mo. 733, 743, 108 S.W.2d 351, 356 (1937), *quashing cert. of Lyons v. St. Joseph Belt Ry.*, 232 Mo.App. 575, 84 S.W.2d 933 (1935); *Brown v. Grenz*, 127 Mont. 49, 55, 257 P.2d 246, 248 (1953); *Gerlach Live Stock Co. v. Laxalt*, 52 Nev. 191, 201, 284 P. 310, 313 (1930), *aff'd on rehearing*, 53 Nev. 259, 298 P. 413 (1931); *Barber v. Hohl*, 40 N.J.Super. 526, 534–35, 123 A.2d 785, 789–90 (App.Div. 1956); *Beavers v. Lamplighters Realty Co.*, 556 P.2d 1328, 1333 (Okl.App.1976); Annot., 17 A.L.R.2d 527, 539 (1951); 25 C.J.S. *Damages* § 118 (1966).

■ We do not believe this holding is inconsistent with the requirement that the amount of exemplary damages must generally be proportionate to actual damages. *See McCarthy v. J. P. Cullen & Son Corp.*, 199 N.W.2d 362, 368 (Iowa 1972). It is sufficient that the exemplary damages be reasonably proportionate to the actual damage as shown, not necessarily as assessed. *State ex rel. St. Joseph Belt Ry. v. Shain*, 341 Mo. 733, 741–43, 108 S.W.2d 351, 355–56 (1937), *quashing cert. of Lyons v. St. Joseph Belt Ry.*, 232 Mo.App. 575, 84 S.W.2d 933 (1935); *Lyons*, 232 Mo.App. at 596, 84 S.W.2d at 947; *see Adelman v. Rosenbaum*, 133 Pa.Super. 386, 390, 3 A.2d 15, 17 (1938).

In the present case we hold that the $2500 exemplary damage award is proportionate to the actual damage shown.

The trial court did not err in awarding exemplary damages in these circumstances.

AFFIRMED.