Rickie D. KENNEDY and Francis Patricia Kennedy, Plaintiffs-Appellants, Cross-Appellees,

v.

David THOMSEN and Anna Thomsen, Defendants-Appellees, Cross-Appellants.

L. D. Krueger, Conservator, Intervenor-Appellee.

David W. THOMSEN and Anna Thomsen, Plaintiffs-Appellees,

v.

Francis W. PETERSEN and Dora Lee Petersen, Defendants-Appellants.

L. D. Krueger, Conservator, Intervenor-Appellee.

No. 2–65941.

Court of Appeals of Iowa.

April 27, 1982.

Tom Riley, Cedar Rapids, Iowa, for plaintiffs-appellants Kennedys.

R. Fred Dumbaugh, Cedar Rapids, for defendants-appellants Petersens.

Jon R. Pearce of Stanley, Lande, Coulter & Pearce, Muscatine, for plaintiffs-appellees and defendants-appellees Thomsens.

L. D. Krueger, pro se.

Submitted to DONIELSON, P. J., and SNELL and CARTER, JJ.

PER CURIAM.

The Kennedys and Petersens appeal from a judgment in these consolidated cases setting aside David Thomsen's sales of farm land to them on grounds of undue influence. Thomsen cross-appeals from the portion of the ruling requiring him to return to the Kennedys their down payment. On appeal, Petersens contend that there was not a confidential relationship between Francis Petersen and David Thomsen, that the burden of disproving undue influence thus did not shift to Petersen, that undue influence was not proved, that there was no evidence to support the award of punitive damages, and that punitive damages should not have been awarded when there was allegedly no award of compensatory damages. The Kennedys argue that there was no confidential relationship between Thomsen and Petersen; that, even if undue influence was proved, it could not be imputed to them because they gave valuable consideration for the land; and that a confidential relationship between Thomsen and Petersen does not support a shift in the burden of proof as to Kennedys.

On cross-appeal, Thomsen argues that he should not have to return the down payment to Kennedys because they allegedly did not come into the court of equity with clean hands. The matter having been tried in equity in the court below, our review is de novo. Iowa R.App.P. 4.

David Thomsen inherited 320 acres of Cedar County farm land from a great uncle in 1973. He leased the land to a tenant and the buildings to defendant Francis Petersen. Thomsen worked for Petersen as a farm laborer and as a truck driver through 1978. There was evidence that Thomsen is borderline mentally retarded, and that he and Petersen were almost constantly drunk or drinking when together. There was evidence that suggests Petersen dominated Thomsen.

Petersen arranged for Thomsen to obtain a private loan at an interest rate far in excess of that allowed at the time. Petersen handled various business matters for Thomsen, and various loans and unexplained payments were made, without records.

In late 1977, Thomsen agreed to sell Petersen 240 acres of his land for $255,000. Petersen subsequently obtained Thomsen's agreement to the substitution of his daughter and son-in-law, the Kennedys, as purchasers for 160 of the acres. The Kennedys provided a $50,000 down payment, much of which seems to have ended up in Petersen's pocket in payment of various "fees," but Thomsen subsequently refused to perform.

The Kennedys brought an action for specific performance; in defense, Thomsen asserted that the sale had been obtained by undue influence. Thomsen then brought an action to rescind the contract of sale to Petersen, for payment of various amounts allegedly due him, and for compensatory and punitive damages for embarrassment and mental anguish.

The court held that Petersen was in a confidential relationship with Thomsen, that the Kennedys as well as Petersen attempted to exploit this relationship, that the terms of transactions between Petersen and Thomsen were grossly unfair, that the burden to show the transaction was not procurred by fraud or undue influence was thrown upon Kennedys and Petersens by the confidential relationship, and that Kennedys and Petersens did not meet this burden. The court specifically found that Kennedy knew the sale was procurred by undue influence.

The deed to Petersens was set aside, a judgment for $43,764 was entered against Francis Petersen, and punitive damages for $5,000 were awarded against Francis. The Kennedys' suit for specific performance was ordered dismissed and their contract for purchase of the land was annulled. The Kennedys were, however, granted the return of their $50,000 down payment.

■ I. We initially consider the contentions of both Kennedys and Petersens (a) that the evidence is insufficient to show a confidential relationship existed between David Thomsen and Francis Petersen, sufficient to shift the burden of proof, and (b) that the evidence is insufficient in any event to establish that undue influence was brought to bear on Thomsen. In determining the issues on this appeal, we find it unnecessary to decide on our de novo review whether the relationship between David Thomsen and Francis Petersen was *legally* such as would shift the burden of proof. Instead, we prefer to evaluate that relationship on a factual basis as it appears to have influenced David Thomsen through the acts of Francis Petersen with regard to the challenged transaction. When the relationship is viewed in this light, together with all of the other facts and circumstances, and the burden of proof is left upon the appellees, we find that the record is sufficient to establish by clear, satisfactory, and convincing evidence that both the deed to Petersens and the contract with the Kennedys were the product of undue influence practiced on Thomsen by Francis Petersen.

As such, these transactions were properly set aside by the trial court. *See In re Matter of the Estate of Herm*, 284 N.W.2d 191, 200 (Iowa 1979).

■ We next consider whether the contract between the Kennedys and Thomsen can be set aside on the basis of the undue influence of Francis Petersen. Undue influence by a third person renders a transaction voidable at the instance of the victim of the undue influence if the other contracting party had reason to know of the undue influence. *See* Restatement Contracts (Second) §§ 164 (comment *e*), 177 (comment *c*) (1981). In the present case the trial court found that Kennedys had reason to know of the undue influence practiced on Thomsen by Francis Petersen. On our de novo review, we confirm that finding. In addition, it also appears that Francis Petersen was acting as Kennedys' agent in dealing with Thomsen which renders the contract with the Kennedys voidable on the grounds specified. *Id.* The trial court was correct in setting aside the Kennedys' contract.

■ II. Next, Francis Petersen asserts on appeal that the evidence was insufficient to sustain the trial court's award of punitive damages against him. At the outset, we reject Francis's claim that punitive damages could not be awarded because no actual damages were recovered. In the present case there was ample evidence that Thomsen had sustained actual damage, but he attempted to be made whole by a claim for rescission rather than a claim for damages. We believe it is the fact of whether actual damages were sustained rather than whether such damages are reduced to a money judgment which satisfies the prerequisite for an award of punitive damages. *See Pringle Tax Service, Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979).

■ The question of whether the conduct of Francis Petersen, as shown by the record, was of the type for which punitive damages may be allowed is an extremely close one. But we think the conduct which was involved here is sufficiently analogous to the "breach of trust" situation wherein punitive

damages have been approved to sustain the judgment of the trial court. *See, e.g., Holden v. Construction Machinery Co.*, 202 N.W.2d 348, 365–66 (Iowa 1972).

III. Finally, we consider the claim urged on Thomsen's cross-appeal that under the doctrine of "unclean hands" he should not have been required to return the Kennedys' $50,000 down payment. We find this argument to be without merit. In order for Thomsen to successfully defend against Kennedys' suit for specific performance, it was necessary for him to seek rescission of the contract. As a condition for so doing, it was essential for him to stand ready to restore the status quo. The trial court's judgment for return of the down payment was correct. We have considered all issues presented and find no basis to disturb the judgments of the trial court.

AFFIRMED ON ALL APPEALS.