**Colleen WOLFF, Appellee,**

v.

**BERKLEY INC., Appellant.**

**No. 90–2708.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided July 1, 1991.

Artis Reis, argued (Kathy Goudy, on brief), Des Moines, Iowa, for appellant.

Margaret C. Callahan, argued (Dennis P. Ogden, on brief), Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Colleen Wolff appeals the district court's[1] finding that her employer (Berkley) did not discriminate against her on the basis of sex or fire her in retaliation for her complaints of sex discrimination. She also appeals the district court's grant of a directed verdict to Berkley on her common law fraud claim. We affirm the district court in all respects.

## I. BACKGROUND

Berkley is a fishing tackle and sporting goods manufacturer; Wolff worked for Berkley from July 1976 until her termination in October 1986. In August 1984, Wolff was promoted to the position of "order coordinator." An order coordinator insures that orders are shipped correctly and promptly. In accomplishing their duties, order coordinators work closely with, and rely heavily upon, the employees who physically "pull" merchandise and pack it for shipment.

One of the "pullers and packers" with whom Wolff had to work on occasion was Bernice Moritz. Moritz resented Wolff's promotion, and Moritz exhibited her resentment by criticizing, insulting, harassing, and otherwise irritating Wolff. Wolff made numerous complaints to her supervisors and to Moritz' supervisors, but the difficulties between the two women never subsided. Ultimately, because the problem was not resolved, Berkley fired both women.

The incidents involving Wolff were not the first in which Moritz reacted negatively to another employee's promotion. In 1982, Tom Luchtel received a promotion even though he had been working at Berkley for only six months. Many employees, including Moritz, were unhappy that Luchtel was promoted so quickly. A meeting was had between Berkley management and the disgruntled employees in order to explain why Luchtel had been promoted. Shortly after this meeting, business declined and Luchtel was demoted. However, he was promoted again in February 1984, and Moritz' critical comments resumed. In early 1985, Luchtel met with his supervisor about Moritz' behavior. Shortly after this meeting, Luchtel was transferred to another department for reasons unrelated to Moritz and her behavior; after the transfer, there was no more disharmony involving Moritz and Luchtel.

After being fired, Wolff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Iowa Civil Rights Commission; she later requested and received right-to-sue letters from these agencies. She then filed suit against Berkley, alleging sex discrimination under both state and federal law, retaliatory discharge, fraud, wrongful discharge, breach of contract, breach of implied covenant of good faith, defamation, and intentional infliction of emotional distress. Summary judgment in favor of Berkley was entered on the latter five counts, and Wolff does not appeal these rulings. The case proceeded to trial with a jury to decide the fraud claim, while the court was decide the sex discrimination and retaliatory discharge claims. At the close of Wolff's case, the court granted a directed verdict on the fraud claim. At the close of all the evidence, the district court concluded that there was no sex discrimination, stating in pertinent part that

[Wolff] has failed to establish a prima facie case of sex discrimination because Luchtel's complaints of harassment by Moritz ended with his transfer to another department. While Luchtel and plaintiff had similar complaints of harassment by Moritz, the Luchtel problems with Moritz were resolved by his transfer, while plaintiff's problems were never resolved. Sex discrimination was clearly not a factor in plaintiff's discharge.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

*Wolff v. Berkley,* No. C87–4213, slip op. at 5 (N.D. Iowa Sept. 5, 1990). The district court also ruled that Wolff's discharge was not retaliatory because "no evidence was presented that [Wolff] brought to Berkley's attention any allegation that Berkley was failing to respond to her complaints about Moritz because Wolff was female...." *Id.* at 6. Wolff appeals the grant of directed verdict on her fraud claim and the judgments against her on the discrimination and retaliatory discharge claims.

## II. DISCUSSION

### A. Common Law Fraud

█ Wolff alleges that Berkley's employee handbook, as well as other literature distributed by the company, fraudulently misrepresent the company's grievance procedures. Wolff argues that not only did Berkley fail to follow its own procedures, it never intended to follow those procedures. Her reliance on these misrepresentations caused her mental distress sufficient to support her claim for punitive damages.

Under both Iowa and federal law, the standard for awarding a directed verdict "is whether, taking the evidence most favorably to plaintiff, and giving [her] the benefit of all inferences reasonably to be drawn in [her] favor, there is sufficient evidence to support a verdict." *McKnelly v. Sperry Corp.,* 642 F.2d 1101, 1105 (8th Cir.1981) (comparing Iowa and federal law). Thus, while reviewing the directed verdict, we accept as true Wolff's allegations that Berkley never intended to follow its policies and that this failure caused Wolff to suffer emotional distress. Nonetheless, it is clear that Iowa law does not allow Wolff to recover damages under these circumstances.

Iowa does not allow for recovery of emotional damages in fraud cases. *Cornell v. Wunschel,* 408 N.W.2d 369, 382 (Iowa 1987) (holding it to be prejudicial error to submit proof of emotional damages in busi-ness fraud case). Recognizing this, Wolff relies on *Pringle Tax Serv., Inc. v. Knoblauch,* 282 N.W.2d 151, 154 (Iowa 1979) ("a failure to award actual damages will not bar exemplary damages when actual damage has in fact been shown") and argues that she does not need to actually be awarded compensatory damages in order to be awarded punitive damages. However, we do not believe that Iowa would allow an award of punitive damages when the underlying compensatory damages are unrecoverable as a matter of law.[2]

█ We reach this conclusion for two reasons. First, in those cases in which *Pringle* has come into play, the plaintiff had proven compensable damages that could not be awarded because of problems related to proof. *See, e.g., Westway Trading Corp. v. River Terminal Corp.,* 314 N.W.2d 398, 403–04 (Iowa 1982) (actual damages not awarded because there was no reasonable basis to calculate the amount); *Pringle,* 282 N.W.2d at 152 (trial court was convinced that plaintiff suffered actual damages, but could not award them because the defendant had destroyed the records necessary to calculate the amount). In no case have the Iowa courts allowed punitive damages to be awarded when the underlying actual damages were not compensable regardless of the proof of those damages. Inasmuch as punitive damages are a type of punishment, *Berenger v. Frink,* 314 N.W.2d 388, 391 (Iowa 1982) (en banc), it is axiomatic that there must have been some wrong committed before punitive damages may be awarded. However, by virtue of *Cornell,* the Iowa Supreme Court has made clear that a fraud that causes only emotional harm is not a compensable wrong; thus, we believe that the Iowa courts would not punish such a fraud by allowing an award of punitive damages.

█ The second reason for our conclusion involves the relationship between actual and punitive damages. Punitive damages are incidental to the main cause of

---

**2.** This issue, though raised in the district court and on appeal, was not ruled on by the district court. Nonetheless, we can affirm the district court on any ground that is supported by the record, even if the district court did not address the issue. *First Nat'l Bank in Brookings v. United States,* 829 F.2d 697, 699 (8th Cir.1987).

action, and must be reasonably proportionate to the harm suffered. *Pringle*, 282 N.W.2d at 154. In order for the jury to award punitive damages that are reasonably proportionate to the harm suffered, the jury obviously must hear evidence of that harm. As noted above, it is prejudicial error for the jury to hear and consider evidence of emotional harm in a fraud case. *Cornell*, 408 N.W.2d at 382. Consequently, a jury would be prohibited from hearing evidence of Wolff's emotional distress, thereby making it impossible for a jury to award punitive damages that are reasonably proportionate to that harm. Because the only harm Wolff alleges to have suffered is emotional, there is not a sufficient basis to allow an award of punitive damages.

## B. Sex Discrimination

■ The district court found that there was no discrimination;[3] Luchtel and Moritz stopped having problems after Luchtel was transferred, while Wolff and Moritz never resolved their differences. Moreover, their situations were not comparable in several respects; most importantly, the district court found that Luchtel was transferred and Wolff expressed an unwillingness to transfer. We can reverse these findings only if they are clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). In attempting to demonstrate that the district court's finding was clearly erroneous, Wolff points to the various portions of the record that support her claim. This effort is insufficient; our review of the record reveals that there is ample support for the district court's findings. The district judge chose one of the two competing permissible interpretations of the evidence, and we cannot disturb his conclusions. *Id.* at 574, 105 S.Ct. at 1511–12.

## C. Retaliatory Discharge

■ In order to succeed on a claim for retaliatory discharge, the plaintiff must prove a causal relationship between statutorily protected activity and her termination. Such a causal link does not exist if the employer is not aware of the employee's statutorily protected activity. *Talley v. United States Postal Serv.*, 720 F.2d 505, 508 (8th Cir.1983), *cert. denied*, 466 U.S. 952, 104 S.Ct. 2155, 80 L.Ed.2d 541 (1984). The district court found insufficient proof that Wolff complained that she was being treated differently than male employees. This finding, like the court's finding on discrimination, may be reversed only if it is clearly erroneous. In trying to fulfill this burden, Wolff argues that she brought the Luchtel/Moritz incidents to Berkley's attention, and pointed out that Luchtel was treated differently. She also directs our attention to the notes of a Berkley official in which he wrote "Was on T. Luchtel."

Our review of the record on this claim, as with our review of the discrimination claim, reveals ample evidence to support the district court's findings. While Wolff contends she brought the Luchtel/Moritz incident to Berkley's attention, officials from the company deny this. The sentence fragment in which Luchtel's name appears in the official's notes is devoid of meaning; we have no idea why his name was written down. Again, the district court made a legitimate choice between two versions of the facts, and we must again defer to his factual findings.

## III. CONCLUSION

The district court properly directed a verdict in favor of Berkley on the fraud claim because Iowa law will not allow Wolff's theory of damages. The district court's factual finding that Wolff was not discriminated against and the factual finding that she did not complain of discriminatory

---

**3.** Wolff argues that she clearly presented a prima facie case of discrimination, and the district court erred when it stated that she had not. However, this point is moot because the district court denied a motion for a directed verdict, proceeded to trial, and ruled on the merits.

Consequently, whether Wolff established a prima facie case is no longer relevant. *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713–15, 103 S.Ct. 1478, 1480–82, 75 L.Ed.2d 403 (1983).

treatment are not clearly erroneous. Consequently, the judgement of the district court is affirmed in all respects.