**Roberta KERKOVE, Appellee,**

v.

**Dean THOMPSON, Appellant.**

**No. 91–226.**

Court of Appeals of Iowa.

May 28, 1992.

Lawrence E. Jahn, Smith, Nutty, Sharp, Benson & Jahn, Ames, for appellant.

Mark J. Olberding, Miller and Olberding, Nevada, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

## FACTS

In 1983, Roberta Kerkove and Dean Thompson met in a bar. In 1984, they began living together in Dean's old house. They did not get married by mutual agreement and had periods of separation. Roberta maintained her own residence in a mobile home. Roberta claims Dean had a drinking problem which drove her away.

While they were living together, the parties shared living expenses, with Dean paying a greater portion of the expenses because of his higher salary. Dean did not require Roberta to pay rent while she was living with him. At trial, Dean acknowledged that during one of their separations, he asked Roberta to return to him and to sell her mobile home. Dean further admitted, he told Roberta that if she would sell her mobile home, they would build a new home which they would live in forever. Roberta claims she accepted the offer, returned to Dean's house, and sold her mobile home.

After obtaining a construction loan from his credit union, Dean built the new house on property he solely owned. Roberta did not have a legal interest in the property and did not participate in the securing of the loan. Dean acted as general contractor on the project and personally hired and paid the subcontractors. In addition, friends and relatives of both parties helped with the construction. The parties themselves also spent a considerable amount of time working on the house during the three-month construction period. Roberta

claims she would spend her evenings and weekends working on the house. Roberta also claims she spent $1485 of her own money for expenditures on the house. Permanent financing for the house was not obtained until after major construction had been completed for five months. A mortgage loan was subsequently obtained from Roberta's credit union. Roberta signed the promissory note, but the loan officer of the credit union informed her that the signing gave her no interest in the real estate. Roberta's name did not appear on the mortgage. Roberta made three mortgage payments out of her checking account.

Roberta claims Dean began drinking heavily again in 1989, forcing her to leave him.

Roberta filed a petition seeking compensation from Dean for the house built while they were living together under the theories of implied or express contract, resulting trust, and palimony.

After a trial, the district court entered an order determining Roberta was entitled to compensation for her help in building Dean's house. The district court determined Dean induced Roberta to return to him and assist him in the construction of the house on the basis of his promise that they would live in the house permanently. The court also determined there was an implied promise that he would behave in a proper manner and that he subsequently breached his promise to Roberta. The district court determined Roberta spent approximately 500 hours on the construction project,[1] she contributed $1485 from her own funds, and she made three monthly mortgage payments totalling $2253. On this basis, the district court determined Roberta made a $5738.80 contribution toward the construction of the house and, therefore, entered a judgment in favor of Roberta in that amount. The court further provided the judgment was to be a lien on Dean's real estate. The court stated that if Dean did not pay the entire judgment by

June 1, 1991, Roberta could foreclose upon the real estate.

On December 7, 1990, Dean filed an Iowa Rule of Civil Procedure 179(b) motion to amend and enlarge findings and a motion for new trial. Roberta also filed a rule 179(b) motion. On January 7, 1991, the district court entered its ruling on Dean's posttrial motion confirming the original judgment, except for the provision for an award of attorney fees and legal expenses in the event of foreclosure which the court deleted from the original judgment. The district court denied Roberta's rule 179(b) motion because it was untimely filed. On February 5, 1991, Dean filed a notice of appeal. We affirm.

### SCOPE OF REVIEW

The district court tried this case as an equitable action. Therefore, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

### ANALYSIS

The district court determined Dean induced Roberta to sell her mobile home, return to him, and assist in the construction and financing of the new house which they would permanently live in. The court held this to be an express contract which the parties orally agreed to. Additionally, although he did not promise to refrain from drinking, the district court found Dean made an implied promise to Roberta that he would not engage in excessive drunken behavior.

When parties manifest their agreement by words the contract is said to be express. When it is manifested by conduct it is said to be implied in fact. Both are true contracts formed by a mutual man-

---

1. There is no evidence of the fair market value of Roberta's labor. The district court determined she worked approximately 500 hours at a wage of four dollars per hour, for a value of $2000.

ifestation of assent by the parties to the same terms of the contract. . . .

*Duhme v. Duhme*, 260 N.W.2d 415, 419 (Iowa 1977).

We agree with the district court's findings and affirm its decision in all respects. However, we will briefly address specific issues raised by Dean on appeal.

## I. Contracts between Cohabitants.

■ Dean argues that even if the parties intended to form an express contract, such agreements between cohabitants are not recognized under Iowa law. We disagree. We do not ignore express contracts or claims which exist independently of cohabitation and are supported by separate consideration. *See Shold v. Goro*, 449 N.W.2d 372, 373 (Iowa 1989).

> Nonmarital cohabitation does not render every agreement between the cohabitating parties illegal and does not automatically preclude one of the parties from seeking judicial relief, such as statutory or common law partition, damages for breach of express or implied contract, constructive trust and quantum meruit where the party alleges, and later proves, facts supporting the legal theory. The issue for the court in each case is whether the complaining party has set forth any legally cognizable claim.

*Id.* (quoting *Watts v. Watts*, 137 Wis.2d 506, 511–12, 405 N.W.2d 303, 305–06 (1987)).

■ The district court correctly held the issues in this case do not arise out of the parties' cohabitation. Roberta's claim for recovery is based upon Dean's promise that they would permanently live together in the new house if she would sell her mobile home and help him build the house. Dean promised Roberta a house where they would retire. Dean breached this promise and Roberta suffered damages. We affirm the district court on this issue.

## II. Damages.

Dean asserts the district court should not have awarded damages to Roberta because no material evidence was introduced proving damages were sustained. We disagree.

■ We have recognized a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. "If it is speculative and uncertain whether damages have been sustained, recovery is denied." *Larsen v. United Federal Sav. & Loan Ass'n*, 300 N.W.2d 281, 288 (Iowa 1981) (citing *Patterson v. Patterson*, 189 N.W.2d 601, 605 (Iowa 1971)). "If uncertainty lies only in the amount of damages, recovery may be had if there is a reasonable basis in the evidence from which the amount can be inferred or approximated." *Id.* (citing *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 153 (Iowa 1979)).

■ Clearly, there was more than adequate evidence in this case to support a finding that Roberta sustained damages. While there is some uncertainty as to the amount of damages, we find there was sufficient evidence to support the district court's award of $5738.80 with ten percent interest from and after October 13, 1989. We affirm the district court's award of damages.

## III. Lien Against the Homestead.

■ Dean argues the district court should not have declared the judgment to be a lien on Dean's real estate. We disagree.

The district court stated Roberta could foreclose upon the real estate in the event Dean did not pay the judgment by June 1, 1991. The court further stated, in its ruling on posttrial motions, this case involved a contract to sell an interest in the homestead. The services were rendered before the property became a homestead. Roberta's efforts and money helped to create the homestead, therefore, under Iowa Code section 561.21(3), Roberta has the right to foreclose her judgment against Dean's house. Iowa Code section 561.21 provides in pertinent part:

> The homestead may be sold to satisfy debts of each of the following classes:

> \*    \*    \*    \*    \*    \*

3. Those incurred for work done or material furnished exclusively for the improvement of the homestead.

Iowa Code § 561.21(3) (1991). We affirm the district court on this issue.

## CONCLUSION

After considering all issues presented, we affirm the district court in all respects.

Costs of this appeal are assessed to the appellant.

AFFIRMED.