# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-1223

———————

Donald Whitehall; Brenda Mahoney,　　　*
　　　　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellants,　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
Iowa West Racing Association, a　　　　*
Regulated Gambling Corporation under　*
the laws of Iowa, doing business as　　*　Appeal from the United States
Bluffs Run Casino; Jack Parkinson,　　*　District Court for the
Individually and as General Manager　　*　Southern District of Iowa.
of Bluffs Run Casino; Bruce Theye,　　*
Individually and as Manager of Valet　*　　　[UNPUBLISHED]
Services of Bluffs Run Casino; Jodi　　*
Davis, Individually and as Lead Person　*
in valet of Bluffs Run Casino; Linda　*
Brohimer, Individually and as　　　　　*
Supervisor in Housekeeping of Bluffs　*
Run Casino; AIM, Inc., an Alabama　　　*
Management Corporation, also known　　　*
as Alabama-Iowa Management Inc.;　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellees.　　　　　　　　　*

———————

Submitted:  March 31, 1999

Filed:  April 6, 1999

———————

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Donald Whitehall and Brenda Mahoney appeal from the district court's[1] order granting summary judgment in favor of defendants Iowa West Racing Association (Iowa West) and AIM, Inc. (AIM) on plaintiffs' federal employment discrimination claims, brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.), and 42 U.S.C. § 1981.

Plaintiffs were both employed at Bluffs Run Casino, which is operated by Iowa West and managed by AIM. Mr. Whitehall is African-American and Ms. Mahoney is white. Plaintiffs alleged Bluffs Run retaliated against them because they had filed discrimination charges against Mahoney's former employer; they further contended defendants discriminated against them because of their inter-racial relationship and because they have a bi-racial child. Mr. Whitehall also alleged he was discriminated against based on his race.

We conclude summary judgment was proper on the retaliation claims, because Mr. Whitehall and Ms. Mahoney failed to show that those who made the decision to terminate them knew at the time that plaintiffs had filed discrimination charges. See Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359 (8th Cir. 1997); Wolff v. Berkley Inc., 938 F.2d 100, 103 (8th Cir.1991).

Assuming plaintiffs offered sufficient evidence to support prima facie discriminatory-discharge claims, see Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996), defendants offered legitimate non-discriminatory reasons for

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

terminating them, i.e., Ms. Mahoney for tardiness and failing to appear for work as scheduled, and Mr. Whitehall for allegedly threatening one of his superiors, and thus the burden shifted to plaintiffs to show the proffered reasons were pretextual, see Ruby v. Springfield R-12 Pub. Sch. Dist., 76 F.3d 909, 911-12 (8th Cir. 1996). We agree with the district court that plaintiffs' evidence--including their statistical evidence-- failed to support an inference that these reasons were pretextual and that the real reason for their discharge was discrimination. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 777-78 (8th Cir. 1995) (discussing probative value of statistical evidence); Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 (8th Cir. 1994) (unsubstantiated deposition testimony that similarly situated white employees were treated more favorably did not create genuine dispute on issue of pretext and on ultimate issue of intentional discrimination); cf. Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 487-88 (8th Cir. 1998) (plaintiffs may establish pretext by showing they were treated less favorably than those "'similarly situated [to them] in all relevant respects'") (quoted case omitted).

We also conclude that the district court did not err in its treatment of plaintiffs' evidence regarding a voice-mail message from Iowa West's attorney.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.