# IN THE COURT OF APPEALS OF IOWA

No. 13-1456
Filed May 14, 2014

**PAUL GARBER and TAMMIE GARBER,**
    Plaintiff-Appellees,

**vs.**

**JEREMIAH HOSMER and BILL LYONS CAR COMPANY,**
    Defendant-Appellants.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

Jeremiah Hosmer and Bill Lyons Car Company appeal from the jury award of punitive damages against them. **REVERSED AND REMANDED.**

Joel J. Yunek of Yunek Law Firm, P.L.C., Mason City, for appellants.

Jason Springer of Springer & Laughlin Law Offices, P.C., Des Moines, for appellees.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Jeremiah Hosmer and Bill Lyons Car Company (jointly Hosmer) appeal from the jury award of punitive damages against them. We reverse the award as the jury found no wilful and wanton acts leading to actual injury of Paul and Tammie Garber (the Garbers) by Hosmer to support an award of punitive damages.

Tammie Garber purchased a recreational vehicle from the Bill Lyons Car Company. The Garbers later attempted to return the vehicle, and an altercation between Paul Garber and Jeremiah Hosmer ensued.[1] On June 6, 2012, the Garbers filed suit against Hosmer for civil assault, civil battery, fraudulent misrepresentation, and loss of consortium. They also requested punitive damages. Trial was held August 6–8, 2013. The jury submitted a verdict on August 8, which read in relevant part as follows:

> Question No. 1: Was the defendant, Jeremiah Hosmer at fault for assault?
> Answer "yes" or "no."
> ANSWER: <u>NO</u>
> . . . .
> Question No. 8: Was the defendant, Jeremiah Hosmer at fault for battery?
> Answer "yes" or "no."
> ANSWER: <u>NO</u>
> . . . .
> Question No. 15: Did Tammie Garber suffer a loss of spousal consortium as a result of the assault or battery to Paul Garber?
> Answer "yes" or "no."
> ANSWER: <u>NO</u>
> . . . .
> Question No. 17: Do you find the defendant, Bill Lyons Car Company liable for any of the damages listed in Question No. 16?
> Answer "yes" or "no."

---

[1] The testimony by both parties regarding the details of this altercation are in direct contradiction.

ANSWER: <u>NO</u>

. . . .

Question No. 19: Was the defendant, Jeremiah Hosmer at fault for fraudulent misrepresentation?
Answer "yes" or "no."
ANSWER: <u>NO</u>

. . . .

Question No. 24: Do you find by a preponderance of clear, convincing and satisfactory evidence the conduct of the defendant, Jeremiah Hosmer constituted willful and wanton disregard for the rights or safety of Paul Garber?
Answer "yes" or "no."
ANSWER: <u>Yes</u>

Question No. 25: What amount of punitive damages, if any, do you award against the defendant, Jeremiah Hosmer?
ANSWER: $<u>20,000.00</u>

. . . .

Question No. 26: Is the defendant, Bill Lyons Car Company liable for punitive damages?
Answer "yes" or "no."
ANSWER: <u>Yes</u>

. . . .

Question No. 27: What amount of punitive damages, if any, do you award against the defendant, Bill Lyons Car Company?
ANSWER: $<u>5,000.00</u>

The court considered whether the jury's verdict that Hosmer committed no assault, battery, or fraudulent misrepresentation was inconsistent with the award of punitive damages. The court entered judgment on the award of punitive damages, finding the jury "was presented evidence from which they could find that Plaintiff Paul Garber suffered actual damages" and therefore punitive damages could be awarded without a finding of compensatory damages.

Hosmer and Bill Lyons Car Company appeal from the jury's award of punitive damages. The question we are presented with is whether or not this award of punitive damages without any finding of fault against either defendant can stand under our law. We conclude it cannot.

> Generally, the trial court has some discretion when faced with inconsistent answers in a verdict. *See Dutcher v. Lewis*, 221 N.W.2d 755, 762 (Iowa 1974) ("The trial court has three alternatives where the answers are consistent with each other but inconsistent with the general verdict: (1) order judgment appropriate to the answers notwithstanding the verdict; (2) order a new trial; or (3) send the jury back for further deliberations. Ordinarily, it is discretionary with the court as to which of these alternatives to choose."). However, the question whether a verdict is inconsistent so as to give rise to the exercise of that discretion is a question of law.

*Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006); *see also State v. Merrett*, 842 N.W.2d 266, 275–76 (Iowa 2014) ("As we explained in [*State v. Fintell*, 689 N.W.2d 95, 101 (Iowa 2004)], 'If jury verdicts are to be examined for inconsistency, the test to be applied is whether the verdict is so logically and legally inconsistent as to be irreconcilable within the context of the case.'").

Iowa Code section 668A.1 (2011) governs the award of punitive damages, and reads, in part:

> 1. In a trial of a claim involving the request for punitive or exemplary damages, the court shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating all of the following:
> a. Whether, by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another.

Punitive damages "are not recoverable as of right and are only incidental to the main cause of action. The reason for requiring actual damages to be shown is that punishment and deterrence are warranted only when harm has been done." *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979) (internal citation omitted). "In determining whether punitive damages are so excessive

that they demonstrate passion and prejudice on the part of the jury, we will consider whether the punitive damage award is reasonably related to the malicious conduct of the defendant which resulted in actual injury or damage to the plaintiff." *Ryan v. Arneson*, 422 N.W.2d 491, 496 (Iowa 1988). "Only evidence that is relevant to the underlying wrong *for which liability is imposed* can support an award of punitive damages." *Wilson v. IBP, Inc.*, 558 N.W.2d 132, 142 (Iowa 1996) (emphasis added).

In *Knoblauch*, our supreme court upheld a district court's award of punitive damages absent a finding of actual damages. 282 N.W.2d at 152. The district court in that case (a bench trial) found in its ruling that defendant had violated the covenant not to compete, but had destroyed evidence, preventing the calculation of actual damages, though there was no question such actual damages were suffered. *Id.* In upholding the district court's award, our supreme court held:

> Harm has been established when the record shows actual damage has been suffered, even though for one reason or another the damages have not been computed or awarded. Therefore we hold that a failure to award actual damages will not bar exemplary damages when actual damage has in fact been shown.

*Id.* at 154. The district court in this case upheld the jury's award of punitive damages under this language. However, we find the case at hand is fundamentally distinguishable since the issue here is not damages, but whether there was fault on the part of Hosmer. The jury explicitly rejected every claim of harmful conduct on the part of Hosmer, and so did not reach the issue of compensatory damages, but went on to award punitive damages.

Answers to special interrogatories by a jury constitute special findings of particular questions of fact. Iowa R. Civ. P. 1.934. "Like a special verdict,

special interrogatories help to focus the jury on the important issues in the case that bear upon the general verdict the jury must reach." *Clinton Physical Therapy Servs., P.C.*, 714 N.W.2d at 610. Iowa Code 668A(1)(a) requires "tortious actions or fraudulent activity" for punitive damages to be permissible*. Watkins v. Lundell*, 169 F.3d 540, 544–45 (8th Cir. 1999) ("While an ordinary breach of contract does not give rise to punitive damages in Iowa, if the breach is accompanied by or results in independently tortious actions or fraudulent activity then punitive damages are permissible."); *see also Pogge v. Fullerton Lumber Co.*, 277 N.W.2d 916, 919 (Iowa 1979). The jury expressly found no tortious actions or fraudulent activity in this case by answering all of the special interrogatories regarding the underlying claims in the negative. The trial court erred in entering judgment on punitive damages; we reverse the award of punitive damages in this case and remand to the trial court for proceedings consistent with this opinion. *See Kimmel v. Iowa Realty Co., Inc.*, 339 N.W.2d 374, 384 (Iowa 1983) (stating the proper procedure for curing error on improperly-submitted exemplary damages is to "modify[] the judgment so as to comport with that which should have been entered and remand[] the case to the district court for entry of the proper judgment").

**REVERSED AND REMANDED.**