# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1307

_____

Kevin Culton,

        Appellant,

v.

Missouri Department of Corrections,

        Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.

_____

Submitted: November 15, 2007
Filed: February 7, 2008

_____

Before RILEY, TASHIMA,[1] and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Kevin Culton filed a Title VII suit against his employer, the Missouri Department of Corrections ("the Department"), alleging that the Department retaliated against him for confronting a supervisor about the supervisor's unwanted sexual advances toward a subordinate employee. The district court[2] granted the Department's

_____

[1]The Honorable A. Wallace Tashima, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

motion for summary judgment on all of Culton's claims. Culton appeals part of the court's judgment. We affirm.

## I. *Background*

Culton has been employed by the Department for approximately five years. His job title originally was Correctional Officer I. In March 2003, Culton assumed the position of armorer, and his responsibilities in that job included maintaining the weapons of the correctional center, taking monthly inventories of the armory, and making mail runs.

Prior to his appointment to the armorer position, Culton began dating a coworker, Mary Propst. Propst told Culton that she had been sexually harassed by Captain Garry Branch. She said that Branch made sexual comments to her, kissed her, and was sexually aggressive with her on several occasions. Culton confronted Branch about his behavior in November 2003. He told Branch that unless Branch stopped making advances toward Propst, Culton would tell Branch's wife. Culton did not report Branch's behavior to Branch's superiors at that time.

Also in November 2003, questions regarding Culton's job performance arose. First, he returned several hours late from a mail run. Second, Major Richard Bouchard, an official who supervised both Culton and Branch, discovered that Culton was not performing the monthly inventories required of the armorer. Bouchard then ordered Culton and Branch to complete a joint inventory, which revealed several discrepancies between the joint inventory and several previous inventories completed by Culton. Based on the joint inventory, Branch and another officer, Captain Greg Dunn, recommended that Culton be removed from the armorer position.

Bouchard removed Culton from the armorer position in December 2003 and reassigned Culton to a temporary utility position, which allowed management to assign Culton to any post where he was needed. Culton claims that Bouchard told him

that he was a good armorer and that Culton was being removed because of his bad attitude with Branch. At that time, Culton first reported Branch's alleged sexually harassing behavior to Bouchard. Bouchard took no action to investigate Culton's allegations against Branch.

Culton remained in the temporary position until he obtained a transfer to a housing officer position. Culton missed work for four days on one occasion after requesting time off. Culton claims he stated he would be out for four days, but the Department believed Culton had only requested one day's leave. The Department docked Culton eight hours of pay for failing to call in after the first day. Later, Culton called in sick reporting that he would be out two days due to a severe migraine headache. On the second day, one of Culton's supervisors saw him at a civil war re-enactment. The Department investigated his sick leave claim and rejected his claim for sick pay.

In October 2004, Culton asked for sick leave due to stress. The Department generally does not require documentation of a doctor's visit unless an officer misses more than forty hours of work. Don Roper, the superintendent of the Department, asked for documentation of Culton's medical treatment given Culton's several unscheduled absences. To document his absence, Culton presented a note from a professional counselor. Roper believed that Culton's visit to the counselor was not covered under the Family Medical Leave Act and suspended Culton without pay for several days for the unauthorized time off.

Culton sued the Department under Title VII alleging retaliation for reporting the sexual harassment of Propst by Branch. Culton alleged that the Department retaliated through: intense job scrutiny, lost wages, transfer to a lower-skilled job, diminishing his performance reviews, increased danger when dealing with inmates, denying customary increases in salary, and denying customary opportunities for promotion.

The district court granted summary judgment in favor of the Department, finding that several of Culton's claims involved no adverse employment action. Also, the court found that Culton had failed to show a causal connection between the remaining adverse employment actions and the Department's alleged retaliation for his reports of his girlfriend's sexual harassment.

## II. *Discussion*

On appeal, Culton argues that the district court erred in granting summary judgment. He contends that the district court erred in concluding that Culton had shown no causal connection between his confronting Branch and the Department's reassigning him from his armorer's post or its docking his pay. The Department does not dispute that both claims show an adverse employment action. Culton does not appeal the remainder of the district court's decision.

We review de novo the district court's grant of summary judgment. *Williams v. City of Carl Junction, Mo.*, 480 F.3d 871, 873 (8th Cir. 2007). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (quotations and citation omitted). "The nonmoving party is entitled to all reasonable inferences that may be drawn from the evidence but not to inferences that may only be drawn by resorting to speculation." *Id.* (quotations and citations omitted).

There is no direct evidence of a retaliatory motive in this case, and absent such evidence, we analyze Title VII claims under the burden-shifting framework of *McDonnell Douglas. Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 914 (8th Cir. 2007). Under this analytical framework, the plaintiff employee must first show a prima facie case of retaliation, and "once the plaintiff employee establishes a prima facie case of [retaliation], the burden shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* And finally, "[i]f the defendant offers such a reason, the burden shifts back to the plaintiff to put forth

evidence showing the defendant's proffered explanation is a pretext for unlawful discrimination." *Id*.

To make a prima facie showing of retaliation, Culton must show that: "1) [he] engaged in protected conduct; 2) a reasonable employee would have found the challenged retaliatory action materially adverse; and 3) the materially adverse action was causally linked to the protected conduct." *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007).

### A. *Reassignment*

The district court did not err in granting summary judgment to the Department with regard to Culton's retaliation claim based on his reassignment from the armorer position because Culton's prima facie case is lacking proof of causation.

Bouchard, Culton's supervisor, made the decision to transfer him to a lower status position before learning that Culton had confronted Branch about Branch's unwanted advances toward Propst. Culton's efforts to stop the harassment of a co-worker is an activity that is protected by Title VII, *see Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1007 (8th Cir. 2000) (stating that "[e]mployers may not retaliate against employees who oppose discriminatory conduct") (quotations and citations omitted); however, failure to present any evidence that Bouchard was aware of Culton's protected activities is fatal to Culton's retaliation claim. *See Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998) (stating that "a causal link between statutorily protected activity and an adverse employment action 'does not exist if the employer is not aware of the employee's statutorily protected activity'") (quoting *Wolff v. Berkley Inc.*, 938 F.2d 100, 103 (8th Cir. 1991). Culton offers nothing beyond speculation that the Department transferred him in retaliation for his confronting Branch.

Culton attempts to bolster his causation proof by arguing that Branch played a part in his reassignment. To support his argument, Culton maintains that Branch supplied some of the information justifying the Department's transfer and did so as retaliation for his confronting Branch about Propst's allegations. Culton, however, does not dispute the factual accuracy of anything reported by Branch. Culton also asserted Branch's intensified work scrutiny constituted another retaliation claim, but the district court rejected that claim determining that the alleged intensified scrutiny was not an adverse employment action. Culton did not challenge the district court's ruling.

Bouchard did not act illegally when he transferred Culton from the armorer position. *See Rose-Maston v. NME Hosp., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) (stating that "Title VII prohibits intentional discrimination based on certain, discreet [sic] classifications; it does not prohibit employment decisions based on other factors, such as job performance, erroneous evaluations, personality conflicts, or even unsound business practices"). Culton's proof does not show Bouchard exercised his authority to transfer Culton based upon any factor that is impermissible under Title VII. Therefore, we affirm the district court's grant of summary judgment on this claim to the Department.

B. *Docked Pay*

The district court did not err in granting summary judgment to the Department with regard to Culton's retaliation claim based on his docked pay. In response to Culton's claim of retaliation, the Department proffered legitimate, nondiscriminatory reasons for docking Culton's pay. Culton did not show that the Department's reasons for docking his pay were pretextual. To defeat summary judgment, Culton needed to present evidence that would support a finding of pretext; mere justifications of his actions and denials are not evidence. *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1035 (8th Cir. 2005).

The Department states that it docked Culton's pay because he took unauthorized sick leave, and Culton does not present any evidence that this reason is pretextual. Culton alleges that the Department failed to follow its policy when docking his pay but does not offer any evidence showing that the Department treated him differently than similarly situated employees. Without such evidence, the Department's failure to follow the policy in Culton's case is not sufficient evidence of retaliation. *See Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 882 (8th Cir. 2005) (stating that "it is a plaintiff's burden to produce specific, tangible evidence showing a disparity in the treatment of similarly situated employees") (internal citations and punctuation omitted). Culton does not offer evidence of disparate treatment. Therefore, Culton has not shown that the Department's justification for docking his pay was pretextual.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____