# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1755

_____

Terrence L. Moore, an individual,     *
    *
      Appellant,     *
    *    Appeal from the United States
   v.     *    District Court for the
    *    District of Nebraska.
Nebraska Beef, Ltd., a Nebraska     *
limited partnership,     *    [UNPUBLISHED]
    *
      Appellee.     *

_____

Submitted: October 25, 2011
Filed: November 16, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Terrence Moore, an African-American man, appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action asserting he was subjected to (1) a hostile work environment based on his race, color, and sex, and (2) retaliation for engaging in statutorily protected activity, both in violation of federal and state law. Upon careful de novo review, we affirm. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011)

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

(standard of review); see also Father Flanagan's Boys' Home v. Agnew, 256 Neb. 394, 401 (Neb. 1999) (because Nebraska employment-discrimination law is patterned on Title VII, it is appropriate to look to federal court decisions construing similar federal legislation).

First, we conclude that summary judgment was properly granted on Moore's hostile-work-environment claim, because nothing in the record suggested that Nebraska Beef knew or had reason to know Moore had been mistreated by co-workers based on his race, color, or sex. See Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 518-20 (8th Cir. 2010) (to sustain race-based claim for hostile work environment by co-workers, plaintiff was required to show that (1) he or she belonged to protected class; (2) he or she was subjected to unwelcome race-based harassment; (3) harassment was because of membership in protected class; (4) harassment affected term, condition, or privilege of his or her employment; and (5) employer knew or should have known about such harassment and failed to respond in prompt and effective manner; plaintiff could not establish employer's liability for hostile work environment based on fellow employees' conduct where plaintiff complained that he was being called names, but did not point to any evidence indicating that he had suggested comments were racially motivated, and he did not show harassment was so widespread during his employment that employer should have known).

Second, we conclude that summary judgment was properly granted on Moore's retaliation claim, because he did not show a causal connection between his termination and any statutorily protected activity. See Brannum v. Mo. Dep't of Corr., 518 F.3d 542, 547 (8th Cir. 2008) (to establish prima facie case of retaliation, plaintiff must show he engaged in statutorily protected activity, he suffered adverse employment action, and there was causal connection between his involvement in protected activity and adverse employment action); Culton v. Mo. Dept. of Corr., 515 F.3d 828, 831 (8th Cir. 2008) (where employer was not aware of employee's statutorily protected activity, there was no causal link between statutorily protected

activity and adverse employment action); cf. Hunt v. Neb. Pub. Power Dist., 282 F.3d 1021, 1028-29 (8th Cir. 2002) (affirming dismissal of retaliation claim as matter of law where plaintiff complained she was entitled to pay increase and change in job title, but did not attribute employer's failure to give raise or promotion to sex discrimination, and therefore was not engaged in protected activity for purposes of Title VII); see also Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record).

Accordingly, we affirm.

_____